SUPREME COURT.   At Chambers, Albany, August 2, 1855.
Before *Parker*, Justice.

THE PEOPLE *vs.* PATRICK KENNEDY.

A person arrested under a warrant, for a misdemeanor, in violating the act
entitled " an act for the prevention of intemperance, pauperism and crime,"
passed April 9, 1855, when brought before the magistrate, has a right to
give bail for his appearance at the next Court of Sessions, or the next
criminal court to be held in the county.

That right conferred, in such cases, by the provisions of the Revised Statutes,
is not taken away either by express terms or by implication, by the 5th
section of said act.

A provision denying to a person so arrested the right to give bail, and com-
pelling him to be tried for said offence by the magistrate as a court of Spe-
cial Sessions, would be unconstitutional and void under art. 1, sec. 2 of the
state constitution.

The words " trial by jury," as used in the state constitution, mean a jury of
twelve men, as at common law.

The words "heretofore used," in the same section, mean "in use at the time
of the adoption of the constitution."

At the time of the adoption of the constitution, a person charged with the
commission of a misdemeanor, had a right to a trial by a jury of twelve
men. He could secure this right when brought before the committing
magistrate, by giving bail to appear at the next criminal court.

The constitutional provision, under which a person charged with a misde-
meanor is entitled to a trial by jury, is applicable to any offence of the same
grade created by statute after the adoption of the constitution.

History of the Court of Special Sessions since its first organization, with com-
ments upon its powers and jurisdiction.

This case came before Justice Parker, at Chambers, on a writ
of *habeas corpus*.   It was set forth in the petition on which the
writ was allowed, that the prisoner was restrained of his liberty
in the custody of James McNutt, a police constable, under a
warrant issued by John O. Cole, Esq., a police justice of the
city of Albany, for an alleged violation of an act entitled " An
act for the prevention of intemperance, pauperism and crime,"
passed April 9, 1855.   That on being arrested by the consta-
ble and brought before the said justice, the prisoner offered to

The People. *v.* Kennedy.

give bail for his appearance at the next Court of General Sessions, to answer to any indictment that might be found against him, and that the said justice refused to take such bail. These facts being admitted by the return, the prisoner's counsel claimed that the alleged offence was bailable, and asked that the prisoner be discharged on giving bail.

*John K. Porter,* for the prisoner

*Samuel G. Courtney,* (Assistant Dist. Att'y, ) for the people.

PARKER, J.—The offence with which the prisoner is charged, was created and declared to be a misdemeanor by the 4th section of the act under which he is prosecuted. It is to be tried before the same tribunals and in the same manner as other misdemeanors, unless the statute has specially directed otherwise.

If the offence charged were any other misdemeanor, the prisoner would have an undoubted right, on being brought before the justice under the warrant, to give bail for his appearance at the next criminal court having jurisdiction. (2 *R. S.* 709, §21; 710, §29.) The prisoner is thus, in all other like offences, secured the right of having his case passed upon by a grand jury, and, if indicted, of being tried by a jury of twelve men. And the magistrate before whom the complaint is made, can not take any step to organize a court of Special Sessions for the trial of the offence, till twenty-four hours have elapsed after the prisoner has been required to give bail. (2 *R. S.* 711.) If the prisoner fails to give bail within that time, it will be deemed a waiver of the right, and the magistrate may proceed as a Court of Special Sessions to try the offence. These are the general provisions applicable to all other offences of this grade.

But it is claimed that by the act creating the offence, the right to give bail, when brought before the magistrate, is specially taken away, and that the magistrate is required to

proceed immediately and try the case as a Court of Special Sessions.

That portion of the act relied upon is as follows:

§ 5. Every justice of the peace, police justice, county judge, city judge, and in addition, in the city of New York, the recorder, each justice of the Marine Courts, and the justices of the District Courts, and in all cities where there is a Recorder's Court, the recorder, shall have power to issue process, to hear and determine charges and punish for all offences arising under any of the provisions of this act, and they are hereby authorized and required to hold courts of Special Sessions for the trial of such offences, and under this act to do all other acts and exercise the same authority that may be done or exercised by justices of the peace in criminal cases and by courts of Special Sessions, as the same are now constituted; and the term magistrate, as used in this act, shall be deemed to refer to and include each officer named in this section. *Such court of Special Sessions shall not be required to take the examination of any person brought before it upon charge of an offence under this act, but shall proceed to trial as soon thereafter as the complainant can be notified,* and for good cause shown, may adjourn from time to time not exceeding twenty days," &c.

The right of the prisoner to give and of the magistrate to take bail is certainly not taken away in express terms by this section, but it is claimed that the intention to take it away is implied from the words above Italicised. Those words, it will be seen, are merely directory to the court of *Special Sessions.* They have no reference to the acts or duties of the examining magistrate before organization of a court of Special Sessions.

An examining magistrate may take bail; a court of Special Sessions has no such power, (2 *R. S.* 710.) Formerly, the justice to whom the complaint was made, if the prisoner omitted to give bail, called in two other justices to sit with him to constitute a court of Special Sessions, (2 *R. S.* 711, § 3.) But since the act of 1845, a single magistrate may act as such court. He acts, however, in different capacities in different

The People *v.* Kennedy.

stages of the proceedings. As the magistrate to whom the complaint is made, he may take bail, if the prisoner elects to give it, and whether he can proceed further as a court of Special Sessions, and try the cause depends upon the fact whether the accused has given bail within the time allowed him by law for that purpose. There can be no Court of Sessions organized, in any case, until the accused has elected to be so tried, or has waived the giving of bail. The question of bail only belongs to the preliminary proceedings.

There is nothing in the language above quoted modifying, in any respect, the powers of the magistrate in the steps preparatory to the trial. On the contrary, the statute in question expressly authorizes him, in addition to holding courts of Special Sessions, for the trial of offences under that act, "to do all other acts and exercise the same authority that may be done or exercised by justices of the peace, in criminal cases, and by courts of Special Sessions, as the same are now constituted."

But suppose the language of the act had been "*such magistrate* shall not be required to take the examination, &c., but shall proceed to trial, &c." It would in that case authorize the omission of the examination of the prisoner, which is required by 2 *R. S.* 708, § 14, but not the omission of any other of the preliminary proceedings. It is only the examination of the person charged that is to be omitted. The complainant and the witnesses produced in support of the prosecution are still to be examined as required by 2 *R. S.* 708, § 13, and the committing magistrate as such, must still decide upon the sufficiency of the evidence to hold the accused to bail, as required by 2 *R. S.* 709, § 21. It takes away no legal right from the accused, to say the magistrate shall proceed to trial as soon as the complainant can be notified. A similar direction to expedite the proceedings will be found under the general act, (2 *R. S.* 708, § 13, 712, § 6.) It means that he shall proceed, unless some other legal and authorized step be taken which prevents it.

The right to give bail in such cases has never, in any case,

been taken away by statute. It secures an opportunity of being tried by a jury of twelve men; a right, so highly prized, as to be deemed worthy of constitutional protection; and the further right to have the case tried by a court of record, after it shall have passed the ordeal of a grand jury. Presumed to be innocent until he can be proved guilty, the accused may, of right, claim that all the forms of law shall be complied with, and may not regard it as a mere formal question, but rather as matter of substance whether he shall be tried by a jury of six men summoned by a constable, or by a common law jury of twelve, drawn indifferently from the body of the county.

Such a right can not be taken away by implication.

In *Bennet* v. *Ward*, (3 *Caines'* R. 259,) it was held, that where a statute admits of two constructions, it is advisable to give it that which is consonant to the ordinary mode of proceeding before magistrates; particularly, when by so doing a trial by jury was secured; and the court added that a summary mode of proceeding is always strictly construed by the courts, and is not to be adopted but where the language of the law is positive and unequivocal.

My attention has been called by the counsel for the prosecution to an act passed at the last session of the legislature, entitled "An act to enlarge the jurisdiction of the courts of General and Special Sessions of the peace in and for the city and county of New York." The act was passed three days after the passing of the act under which the arrest in this case was made; and it is supposed the fifth section of it, by securing to the accused, in all cases of misdemeanor, the right to elect to have his case tried by the General Sessions of the peace, designed to except the city of New York, in this respect, from the provisions of the previous act, and was thus, so far, a legislative construction of it. But it is quite clear that it was not so designed, and can have no such effect. It is only a qualification made necessary, not by the previous act, but the previous part of the same section, which gives to courts of Special Sessions in the city of New York, exclusive jurisdiction of all complaints for misdemeanors. Having given such

The People *v.* Kennedy.

a broad jurisdiction, it became necessary to qualify it by the exception, so as to restore to the accused the same right to elect to be tried by the General Sessions which he would have had throughout the state under the general provisions of the Revised Statutes.

It adds nothing to the strength of the prosecutor's case, that by the twenty-fourth section all previous statutes incorporated with that act, are repealed; there being, as I have shown, no inconsistency between the provisions in question and the previous enactments.

I concur, therefore, in the decision made by Mr. Justice Morris in the case of *Heustis*, in holding that the act in question has not taken away the right to give bail. In this misde meanor, as well as in all others, the party accused has a right to give bail before the examining magistrate, to appear and answer to the charge at the next Court of Sessions or the next court having criminal jurisdiction to be held in the county.

If I am wrong in this construction of the act, and if it does indeed compel a trial of the offence before a court of Special Sessions, the constitutionality of that provision of the act may well be doubted.

It is declared by the constitution of this state, (*art.* 1, § 2,) "The trial by jury in all cases in which it has been heretofore used, shall remain inviolate forever." The obvious meaning of the expression "heretofore used," is, "in use at the time of the adoption of the constitution." What is meant by the expression "trial by jury?" Does it mean a common law jury of twelve men, or a jury of six men, as provided in a trial at Special Sessions? I think there can be no doubt on this point. If the legislature may reduce a jury in number to six, they have the same right to reduce the number to one, and thus make a jury of one a compliance with the requirement of the constitution. On this subject the Court of Appeals have recently expressed an opinion. In *Cruger* v. *The Hudson River Railroad Company*, (2 *Kernan R.* 198,) Johnson, J., says: "That term (a jury) when spoken of in connection with

trial by jury in the seond section of the same article, imports a jury of twelve men, whose verdict is to be unanimous. Such must be its acceptation to every one acquainted with the history of the common law, and aware of the high estimation in which that institution, so constituted, has for so long a period been held." (*See also* 3 *English,* 446–7; *State* v. *Cox;* 5 *Smedes & Marshall,* 664; 3 *Peters R.* 446–7; 4 *Wheaton R.,* 242–3–4; 10 *Wendell,* 457–8; 2 *Kent's Com.,* 13, *note C.*)

If, therefore, the accused, in an offence of this grade, had a right to a trial by jury, in the constitutional sense of the word, when the constitution took effect, his right can not be taken away by a subsequent act of the legislature. It is no answer to say that this offence did not exist at the time the constitution took effect, but has been since created by statute. If the offence be such that it would have been entitled to a trial by jury, if created before the constitution was adopted, it can not be deprived of the same right when created afterwards. Any other view would enable the legislature to create a new offence and call it a felony, or by any other name, and make it triable by a court of Special Sessions, and punishable with death. If you deny the constitutional control over new as well as old offences, you make the power of the legislature omnipotent, and have no protection against its despotism. The true rule undoubtedly is that when the legislature create a new offence, it is placed on the same footing as other previous offences of the same grade, and is equally governed by the provisions of the constitution.

The question then arises, had a person charged with a misdemeanor of this character, a right in all cases to a trial by jury under our laws, as they existed at the adoption of the present constitution? There was a right to proceed summarily, and without a jury in certain cases, but not in offences of this grade. For example, disorderly persons, who are enumerated in (1 *R. S., p.* 538, § 1,) and vagrants, (1 *R. S.* 632,) might be punished summarily and without trial by jury. A trial by jury not being previously used in these cases, it is not now re-

The People v. Kennedy.

quired (*Duffy* v. *The People*, 6 *Hill*, 75). They are not cases within the contemplation of the constitution (*In re, Smith*, 10 *Wend.* 449). So, too, petit larceny is expressly excepted from sec. 6 of art. 1, which requires an indictment for all infamous crimes, and is placed under the regulation of the legislature. But at the adoption of our present constitution, in all cases of misdemeanor, and there was a great variety of them, there was the right of trial by jury. Selling liquor without license (1 *R. S.*, 682, § 32) was then as now declared a misdemeanor, but it could only be tried on indictment and by a full jury.

Courts of Special Sessions for the trial of petit larceny, misdemeanors, breaches of the peace, and other offences under the degree of grand larceny have long existed here. They were first authorized by an act passed by the colonial legislature in 1744. (1 *Smith & Livingston*, 339; *Van Schaick*, 240.) After the revolution the same powers were given to three justices by the act of the 24th of March, 1787; (1 *Greenleaf*, 424,) and re-enacted in the revisions of 1801 and 1813; *C. & G. Webster*, 306; 2 *R. S.*, 507,) and also in the revision of 1830, (2 *R. S.* 711.) Various modifications and amendments have taken place at different times, and, under the Revised Statutes, only certain specified misdemeanors and petit larceny are triable in that court.

In the earlier history of that court, the causes were tried by three justices of the peace without a jury; and it was not till 1824 (*Session Laws of* 1824, 297, § 47,) that a jury was authorized to be summoned to try the case on the application of the accused. It was not, however, a common law jury of twelve men, but, as now, a jury of six drawn from twelve, summoned by the constable.

It is an important feature in the legislation, in regard to this court of Special Sessions, that throughout its whole history there has never been an attempt made to compel the accused to be tried by that tribunal if he was willing to give bail. In the earliest act in this state, and in all subsequent enactments, the right of the accused to give bail to appear at the next criminal court was expressly given, and it was not

until he had failed to give bail, after ample time secured for that purpose, and it was because he failed to give it, that the justice, to whom the complaint was made, proceeded to organize a court of Special Sessions for the trial of the offence. He might fail to give bail, either by choice or inability, and at the same time refuse to be tried by a court of Special Sessions. In such a case his trial by such a tribunal would be in fact compulsory. But it was not unconstitutional, because the law which deemed such refusal a waiver, and authorized such trial, was in existence at the time of the adoption of the constitution. (*Murphy* v. *The People*, 2 *Cowen*, 815, *and note.*)

If, in the act under which the prisoner is arrested, there has been an attempt to compel a person charged with a misde- meanor to go to trial without the privilege of giving bail, it is the first time there has been such an enactment in this state.

The right to give bail when arrested for crime is one of vital importance to the accused. It involves directly the right of trial by jury. Giving bail is an election to be tried by jury. Neglecting to give it is an election to be tried by a Court of Special Sessions, without a common law jury. It is regarded as a waiver of the constitutional right. The right to this election, on the part of the accused, even in the smallest offences triable by the court of Special Sessions, has always existed in this state, and existed in full force and unimpaired, and at the time of the adoption of the present constitution. The right of trial by jury thus enjoyed was protected by the constitution of 1777 (*sec.* 41,) and by the constitution of 1821 (*art.* 7, §2,) in language almost identical with that of the pro- vision in the present constitution.

It is not under the sixth section of article one of the consti- tution, that this question is presented. That protects the citizen against being called on to answer for a capital or otherwise infamous crime, unless on presentation or indictment of a grand jury. It does not apply to misdemeanors, and is not therefore applicable to this case. The legislature might, perhaps, pro- vide for bringing misdemeanors before the courts for trial,

The People *v.* Kennedy.

without presentment or indictment. But under the ample protection of the second section, securing a trial by jury in all cases in which it has heretofore been used, and declaring it shall remain inviolate forever, it can not, either directly, or indirectly, compel the trial either of a misdemeanor or of a civil suit, unless by a jury of twelve men, except in cases in which such compulsion might have been previously exercised.

In conclusion, I hold that as the right to give bail, and be tried by a constitutional jury, existed in all cases of crime at the time of the adoption of the constitution, it can not be taken away by any subsequent statute; and any legislative enactment depriving the accused of that right would be utterly void.

Whichever view, therefore, is taken of the construction of the clause of the statute in question, it does not deprive the prisoner of his right to give bail to appear at the next Court of Sessions; and I shall accordingly order his discharge on his giving approved security, so to appear, in the penal sum of $500.

The defendant then gave bail for his appearance at the next General Sessions, in September.