## The State vs. John Shumpert.

The provision in the 5th amendment to the Constitution of the United States, that "no person shall be held to answer for a capital or other infamous crime, unless on presentment of a Grand Jury," does not apply to prosecutions in State Courts.

New tribunals may be established by the Legislature for the trial of offences previously committed.

The District Court had jurisdiction of a case of bastardy where the offence was committed before the Court was organized, but the prosecution was commenced afterwards.

The child of a married woman may be a bastard.

No rule of law declares that a child is a bastard if the husband of its mother be absent during the nine months preceding its birth—what was the actual period of gestation in any particular case being a question of fact for the jury.

The fact that a child was born of a married woman is, generally, only *prima facie* evidence of its legitimacy. It may be rebutted by proof of such non-access, or other fact, as shows that the husband was not its father.

BEFORE THE DISTRICT JUDGE, AT LEXINGTON, FEBRUARY TERM, 1867.

This was a prosecution for bastardy, commenced by warrant to arrest, dated October 27, 1866. Anna M. Craps, wife of Henry Craps, was the prosecutrix, and the charge was, that she was the mother of a bastard child, born January 17, 1864, and that defendant was the father. It was in evidence that Henry Craps, the husband, was absent from the State from some time in the spring of 1863 until about three months after the child was born. The prosecutrix testified that defendant was the father of the child, and that it was begotten in April, 1863; that she saw her husband in January, 1863, and did not see him again until March or April, 1864. The jury found the defendant guilty, and he appealed.

The points made in the grounds of appeal sufficiently appear in the opinion delivered in the Supreme Court.

*Fort*, for appellant.

*Fair*, Solicitor, contra.

April 29, 1869. The opinion of the Court was delivered by

MOSES, C. J. The defendant was indicted for bastardy, and tried and convicted at the February Term, 1867, of the District Court of Lexington.

The warrant under which he was arrested, issued October 27, 1866, founded on an affidavit made the same day.

He seeks a new trial, by reason of alleged misdirection of the Judge, and, indeed, several other grounds, which, to be of benefit to him, should have been presented on a motion in arrest of judgment.

They will, however, all be considered, as if brought before us in due form.

The first is, that, as the said Court has no grand jury, and he was put on trial without a presentment by one, the proceeding is void, by reason of the prohibition in the fifth amendment of the Constitution of the United States, which declares " that no person shall be held to answer for a capital or other infamous crime, unless on a presentment of a grand jury."

It has been so often decided that the said clause, with many of the limitations contained in the amendments of the Constitution, were only intended as restrictions on the powers of the General Government, and related exclusively to it, that a reference to some of the authorities will suffice to shew that the party, on this ground, can take nothing by his motion.—*Barron* vs. *City Council of Baltimore,* 7 Pet., 243; *Livingston* vs. *Moore,* 7 Pet., 531; *Jackson* vs. *Wood,* 2 Cowen, 818; *Murphy* vs. *People,* 2 Cowen, 815; *Barker* vs. *People,* 3 Cowen, 686; *Livingston* vs. *Mayor of New York,* 8 Wend., 85; *Matter of Smith,* 10 Wend., 449; *Lee* vs. *Tilman,* 24 Wend., 337.

It is next alleged, that the offense is charged to have been committed (child born) January, 1864, before the organization of the District Court, and, therefore, it could not take cognizance of it.

It cannot be doubted that it is in the competency of the General Assembly to establish new tribunals for the trial of offences already committed—in fact, to establish two or more with concurrent powers.

The 4th Section of the Act of September, 1866, to amend an Act entitled " An Act to establish District Courts," (13 Stat. at Large, 388,) conferred " exclusive jurisdiction (subject to the right of appeal) in all *cases* of larceny and misdemeanor, in all *cases* of vagrancy, and in all *cases* of bastardy, *arising* within the limits of the election district in which they are established."

This Section was amended by the 11th Section of the Act of December, 1866, (13 Stat. at Large, 494,) by giving the Superior Courts of law "concurrent jurisdiction with the District Courts, of all cases in law, of which, by the Constitution, the District Courts have jurisdiction."

The decision of the Appeal Court in *The State* vs. *Moore,* (15

Rich., 57,) held that "a case" did not arise until there was some action, suit, proceeding, or accusation; and, as the warrant issued after the establishment of the District Court, it had cognizance of the matter, although the offense was committed before.

That was also a case of bastardy.

Here the offence was committed in January, 1864, but no proceeding was taken until the issuing of the warrant, on October 27, 1866. The case of *The State* vs. *Moore* is conclusive on the point made.

The position assumed by the defendant's counsel as law, to wit: that the child of a married woman, born during coverture, could not be a bastard, is not well taken.—*Pendrell* vs. *Pendrell*, 2 Stra., 925; 1 Stra., 51; *Rex* vs. *Bedell*, 2 Stra., 1076; *Rex* vs. *Lufle*, 8 East., 193; *Goodright* vs. *Saul*, 4 T. R., 356.

One of the grounds of appeal is, that the Judge charged the jury, that nine months' absence of husband is sufficient to make issue bastards. In thus prescribing what he considered as a rule of law, he committed error.

In regard to the period of gestation, no precise time is referred to as a rule of law, though a certain time is recognized (forty weeks) as the usual period. But the birth of a child being liable to be accelerated, or delayed, by circumstances, the question is a matter of fact, to be decided upon all the evidence, both physical and moral, in the particular case.—2 Green. Ev., 160.

The consideration of the jury was, therefore, limited by the charge to a specific time, when it should have been directed to the principles expressed in the rule above referred to.

We have, therefore, concluded to give the defendant the benefit of another trial, that the law may be fully presented to the jury.

A child born during coverture is presumed to be legitimate. Proof of non-access, or anything else which plainly shows that, in the course of nature, the husband could not be the father of the child, removes the force of the presumption. If the husband and wife had opportunity of intercourse, this merely strengthens the presumption of legitimacy.—2 Green. Ev., 125.

The rule is stated in clear terms in the answer of the Lord Chief Justice, in the celebrated Banbury-Peerage case, (1 Simons and Stuart, 153,) "That the fact of the birth of a child from a woman united to a man by lawful wedlock, is, generally, by the law of England, *prima facie* evidence that such child is legitimate; that such *prima facie* evidence of legitimacy may always be lawfully

rebutted by satisfactory evidence that such access did not take place between the husband and the wife as, by the laws of nature, is necessary, in order for the man to be, in fact, the father of the child."

The motion for a new trial is granted.

*Willard*, A. J., concurred.