THE PEOPLE, *ex rel.* The Metropolitan Board of Health, *vs.*
THADDEUS H. LANE.

A justice of a district court of the city of New York has no power to impannel
a jury of twelve to try an action pending therein.

Those courts are statutory courts, having all their powers and jurisdiction con-
ferred upon them, and regulated and limited by a statute, which provides for
trials in certain cases, by a jury of six, but makes no provision for a trial in
any case, or under any circumstances, by a jury of twelve, or of any number
other than six.

It was not the purpose of the constitutional provision declaring that "the trial
by jury in all cases in which it has been heretofore used, shall remain invio-
late," to enlarge the practice or use of trials by a jury of twelve men.

The legislature could, without violence to that provision of the constitution,
give courts of justices of the peace jurisdiction of actions in which the amount
claimed did not exceed $100, other than such as those courts had jurisdiction
of when the constitution of 1846 was being framed, or when it was adopted,
and provide for a compulsory trial, at the option of either party, by a jury
of six, of such additional actions committed to the jurisdiction of courts of
justices of the peace.

And the legislature could extend the jurisdiction of the assistant justices' courts
in the city of New York, by the name of justices' courts in that city, as it
seems to have done, in 1849, by amending the Code so as to give such courts
jurisdiction of actions similar to those of which courts of justices of the peace
had jurisdiction, when the amount claimed did not exceed $100, and provide
for a compulsory trial by a jury of six at the option of either party. So, too,
the legislature could and did, constitutionally, in the act of 1857, relating to
the district courts of the city of New York, provide for compulsory trials by
a jury of six, at the option of either party, as to actions within the jurisdic-
tion of such courts in which the penalty or penalties, debt, damages or
amount claimed, did not exceed $100.

A statute authorizing a trial by a jury of six in a district court, in the city of
New York, does not violate the constitutional right of a party to a trial of
the issues by a common law jury of twelve men, where it also provides that
the defendant may, at any time after issue joined and before the trial, re-
move the action to another court, where he can have a trial by a jury of
twelve men.

APPLICATIONS for writs of mandamus. The relators
brought two actions in the district court for the sixth
district of the city of New York, whereof the defendant is
the justice. One of the actions was against James W.
Ranney, a physician, to recover a penalty of $250, or

The People *v.* Lane.

several penalties in the aggregate amounting to $250, for alleged violations of certain provisions of the act constituting the board of health, in relation to returns of deaths, &c. The other action was against Thomas P. Kerr, to recover a penalty of $100, or several penalties in the aggregate amounting to $100, for alleged violations of a certain order or ordinance of the board of health relating to tenement houses.

In the action against Ranney, he appeared on the return day named in the summons, and putting in an answer to the complaint which joined an issue of fact, demanded in the usual form a trial by jury, and paid the fees therefor. The trial was thereupon adjourned, and was from time to time thereafter adjourned until December 4, 1868, on which day the action was called for trial, before the said justice, the parties appearing by counsel. The justice thereupon proceeded to impannel a jury of six men. The defendant, by his counsel, demanded a jury of twelve men, and insisted that he could not be compelled to go to trial with a jury of six men. The relators agreed by their counsel, and were willing, to proceed to trial either with a jury of six or twelve, but the justice, holding that the defendant was entitled to a common law jury of twelve, and that he had no power to impannel other than a jury of six, refused to proceed further with the action, and the same remained pending before the said justice, undisposed of.

In the action against Kerr, the defendant, *at the time of joining issue*, insisted that he was entitled to a common law jury of twelve, and the justice decided that he was entitled to a jury of twelve. The trial was then adjourned from time to time until February 9, 1869, when the defendant appeared and declared his readiness to proceed with the trial, but the justice held that a common law jury of twelve having been demanded, he had no power to proceed with the trial, and the action remained pending before the justice, undisposed of.

The relators moved for two several writs of mandamus; one commanding the justice to try and dispose of the action against Ranney with six jurors, and the other com-- manding the justice to try and dispose of the action against Kerr with six jurors.

*John L. Cadwallader,* for the relators.

*Thaddeus H. Lane* and *John M. Scribner, Jr.,* for the defendant.

SUTHERLAND, J. By subdivision 2 of section 3 of the act of April 13, 1857, relating to the district courts in this clty (as amended, *Laws of* 1858, *p.* 569,) these courts have jurisdiction "in an action upon the charter, ordinances or by-laws of the corporation of the city of New York, or a statute of this State, where the penalty shall not exceed two hundred and fifty dollars."

By section 34 of the act of 1857, a trial by jury must be demanded at the time of joining an issue of fact, but when demanded the case may be adjourned until a time fixed for the return of the jury. And this section expressly provides that the issue of fact shall be tried by a jury of six persons to be drawn out of a list or panel of twelve to be summoned.

It is very clear that the justice was right in holding that he had no power to impannel a jury of twelve to try the actions. These district courts are statutory courts, having all their powers and jurisdiction conferred upon them, and regulated and limited, by statutes. The act of 1857 provides for trials, in certain cases, by a jury of six. It makes no provision for a trial in any case, or under any circumstances, by a jury of twelve, or of any number other than six.

The constitution of 1846 (the present State constitution) has this provision : "The trial by jury *in all cases in which*

The People *v.* Lane.

*it has been heretofore used,* shall remain inviolate forever, but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law."

No question is made here, and no question appears to have been made before the justice, that the causes of action, and the amounts claimed in the actions against Ranney and Kerr severally, were not within the jurisdiction conferred on the district court by section 3 of the act of 1857, as amended in 1858; but as section 34 of the act of 1857 applies to all cases in which an issue of fact is joined, and a trial by jury claimed, the justice, in holding that the defendants Ranney and Kerr were severally entitled to a common law jury of twelve, which he had no power to impannel or use in his court, substantially held said section 34 to be unconstitutional and void as to the actions against Ranney and Kerr, and as to the defendants in said actions.

No doubt a common law jury consisted of twelve men. It has been substantially said in several cases in the Court of Appeals and the Supreme Court, that the purpose of the constitutional provision which has been quoted, was to secure the continuance of the right of trial by a common law jury of twelve men in cases where, or in which, a trial by a jury of twelve was used when the constitution was adopted. (*Cruger* v. *Hudson River Railroad Co.,* 12 *N. Y. Rep.* 190, 198. *Wynehamer* v. *People,* 13 *id.* 427, 458. *Greason* v. *Keteltas,* 17 *id.* 498. *People* v. *Kennedy,* 2 *Park. Cr. Rep.* 317, 321. *People* v. *Carroll,* 3 *id.* 22. *Warren* v. *People, Id.* 544. *Duffy* v. *People,* 6 *Hill,* 77, 78, *&c. People* v. *Goodwin,* 5 *Wend.* 253. *People* v. *Murphy,* 2 *Cowen,* 815.) It was not the purpose of the constitutional provision to enlarge the practice or use of trials by a jury of twelve men. (*Cases before cited, and Lee* v. *Tillotson,* 24 *Wend.* 337. *Rathbun* v. *Rathbun,* 3 *How. Pr.* 139. *Sands* v. *Kimbark,* 27 *N. Y. Rep.* 147. *Matter of Empire City Bank,* 18 *id.* 199.)

But what has been said, if conceded, does not relieve the decision of the constitutional questions presented by the action and decision of the justice in the actions against Ranney and Kerr from difficulties. To go no farther back, the act of April 5, 1813, gave justices of the peace cognizance of certain actions in which the debt, damages, amount or penalty demanded did not exceed $25, and provided for the trial of issues, at the option of either of the parties, by a jury of six, to be drawn from a panel of twelve. (1 *R. L. of* 1813, *pp.* 387, 391, §§ 1, 9.) The act of April 13, 1824, extended the jurisdiction of the justices of the peace, so as to give them jurisdiction, when the balance due, or the damages or thing demanded did not exceed $50, and this act also provided for the trial of issues by a jury of six to be drawn from a panel of twelve. (*Laws of* 1824, *pp.* 279, 283.) By the Revised Statutes, justices' courts had jurisdiction in certain specified actions, where the debt or balance due, or damages claimed, did not exceed $50; and in actions for a penalty not exceeding $50, given by any statute of this State; and contained substantially the provisions of the acts of 1813, and 1824, as to trials of issues by a jury of six. By the act of May 14, 1840, (*Laws of* 1840, *p.* 265, *&c.*) amending the Revised Statutes, the jurisdiction of justices of the peace, in the actions named in the Revised Statutes, was extended so as to give them jurisdiction of such actions, when the debt or balance due, or the damages claimed, did not exceed $100, and of all actions for a penalty not exceeding $100 given by any statute. The jurisdiction and proceedings of courts of justices of the peace, as prescribed by the Revised Statutes as amended by the act of 1840, continued in force, so far as I am informed, until the Code of 1848. Neither the provisions of the Revised Statutes nor either of the acts which have been referred to, applied to the city and county of New York, or to the courts of inferior civil jurisdiction in that city and county; but from

them it must be presumed that when the constitution of 1846 was being framed, and when it was adopted, trials by a jury of six, or otherwise than a common law jury of twelve, were in use in justices' courts other than in the city and county of New York, as undertaken to be authorized by the legislation referred to, and had been in use in such courts since 1813; and, since 1840, had been in use in such courts in actions for a penalty not exceeding $100, given by any statute, and in certain other actions, when the debt or balance due, or the damages claimed, did not exceed $100.

I think the reported cases which have been referred to, show that an insertion in the constitution of 1846, of the provision which has been quoted, and its adoption, should be viewed as recognizing and sanctioning this usage, and as affirming the constitutionality under the constitution of 1822, (which contained a provision in the same words as the one quoted from the constitution of 1846,) of the provisions of the Revised Statutes, and acts referred to, which undertook to authorize the usage.

What had been the legislation, and what must be presumed to have been the usage as to trials by a jury of six, or otherwise than by a common law jury of twelve, in the inferior courts of the city of New York, of civil jurisdiction, prior to the constitution of 1846, and what must be presumed to have been such usage in such courts when the constitution was being framed, and when it was adopted? To go no farther back, the act of April 19, 1813, (2 *Rev. Laws of* 1813, *p.* 370, § 85,) provided for the appointment of one assistant justice for each of the wards of the city, except the ninth, and for two assistant justices for the ninth, and gave such assistant justices power to hold courts for the trial of certain specified actions, when the sum or balance due, or damages or thing demanded, did not exceed $25, and for all sums of money not exceeding $25, recoverable by suit in any court of record, by

any statute of this State, and generally for the trial of all such actions as were triable before justices of the peace in the respective counties of the State. Section 95 of the act (page 374) provided for the trial of issues in such courts, at the option of either of the parties, by a jury of six, to be drawn from a panel of twelve. By the act of January 4, 1820, the act of 1813 was amended, so that the assistant justices' courts of the city of New York, in all actions of which they had jurisdiction by the act of 1813, had jurisdiction to the amount of $50, and under. This act left the provisions in the act of 1813, as to the trial of issues, in force. The assistant justices' courts of the city of New York were recognized and continued, with their powers and jurisdictions, by the Revised Statutes, (2 *R. S.* 224,) and, so far as I am informed, existed with such powers and jurisdictions when the constitution of 1846 took effect.

From the legislation relating to these assistant justices' courts, which has been referred to, it is to be presumed that when the constitution of 1846 was being framed, and when it was adopted, trials by a jury of six, or otherwise than by a jury of twelve, had been used in them since 1813, and that since 1820 such trials had been used in them, in actions for penalties, and other actions of which they had jurisdiction, when the penalty or debt, or damages claimed, did not exceed $50; but it must be conceded that, prior to the constitution of 1846, the legislature had not undertaken to give these courts jurisdiction in the actions of which they had jurisdiction, to an amount beyond $50; and it is to be presumed that trials by a jury of six, or otherwise than by a jury of twelve, prior to the constitution of 1846, had not been used in such courts in actions for the recovery of a penalty, debt, or damages, exceeding $50, for it is to be presumed that such actions had not been brought in such courts.

By the act of March 30, 1848, the city of New York was

divided into six judicial districts, and a court established in each district, to be called the "justices' courts of the city of New York." The act provided for the election of justices for such courts, and gave to the justices to be elected all the powers and jurisdiction of the assistant justices, and abolished the assistant justices' courts. By the act of April 12, 1848, the name or designation of "justices' courts of the city of New York" was changed back to that of "assistant justices' courts of the city of New York." The Code of 1848 (which took effect July 1, 1848) recognized and continued substantially the jurisdiction of these courts by the name of "assistant justices' courts." By the Code, as amended in 1849, the style of these courts was again changed to "justices' courts of the city of New York," and their jurisdiction, as to the sum or amount recoverable, extended, as I understand it, to $100. By the act of April 16, 1852, the style of these courts was changed to that of "district courts in the city of New York." The act of April 15, 1857, which has been referred to, which extended (as amended in 1858) the jurisdiction of these "district courts," as to the penalty, sum or amount recoverable in them to $250, may be regarded as reorganizing these "district courts," and as thus amended, in deciding these motions, may be regarded as prescribing their powers, jurisdiction and proceedings, when the actions against Ranney and Kerr were brought.

Now, as to the question of constitutional right raised by the proceedings in the action against Kerr, which action is for a penalty of $100, or several penalties in the aggregate amounting to $100, and in which Kerr claimed he had a right to a common law jury of twelve, *at the time issue was joined,* in view of all that has been said, and of the cases and legislation which have been referred to, I think the modifying words, "in all cases in which it has been heretofore used," in the provision which has been quoted from the constitution of 1846, should be regarded

as recognizing and sanctioning, not merely the usage as to trials otherwise than by a jury of twelve, as it then existed, and had been authorized by legislation in courts of justices of the peace, the assistant justices' courts, and other inferior courts of local jurisdiction, but should be regarded as also recognizing the general principle that the legislature might provide for the trial of actions otherwise than by a common law jury of twelve in inferior courts of local civil jurisdiction, in which the penalty, debt, damages, balance due or amount claimed did not exceed $100, the amount to which courts of justices of the peace had jurisdiction by the Revised Statutes, as amended by the act of May 14, 1840, before referred to.

The constitutional provision should be viewed as recognizing and protecting the right to a trial by a common law jury of twelve in cases in courts of record, in which it had been theretofore used; but the qualifying words which have been quoted imply that there were and had been trials otherwise than by a common law jury, and the framers of the constitution must be presumed to have had knowledge of previous legislation and usage as to trials otherwise than by a jury of twelve in inferior courts of local jurisdiction, and must be presumed to have recognized and adopted the principle which had dictated the legislation, and which originated and undertook to authorize the usage.

I think the legislature could, without violence to the constitutional provision, give courts of justices of the peace jurisdiction of actions in which the amount claimed did not exceed $100, other than such as these courts had jurisdiction of when the constitution of 1846 was being framed, or when it was adopted, and provide for a compulsory trial at the option of either party, by a jury of six, of such additional actions committed to the jurisdiction of courts of justices of the peace; and I think the legislature could extend the jurisdiction of the assistant justices' courts in

The People *v.* Lane.

the city of New York, by the name of justices' courts in the city of New York, as it seems it did in 1849, by amending the Code so as to give such courts jurisdiction of actions similar to those of which courts of justices of the peace had jurisdiction, when the amount claimed did not exceed $100, and provide for a compulsory trial by a jury of six, at the option of either party; and I think the legislature could and did, constitutionally, in the act of 1857, relating to the district courts of this city, provide for compulsory trials by a jury of six, at the option of either party, as to actions within the jurisdiction of such courts, *in which penalty or penalties, debt, damages or amount claimed, did not exceed* $100; and irrespective of the question whether these district courts should be regarded as new inferior courts of local civil jurisdiction established under the constitution of 1846, or as substantially the same courts as the former assistant justices' courts.

The constitution of 1822 contained, in immediate connection with the provision as to trials by jury, this provision: " And no new court shall be instituted but such as shall proceed according to the course of the common law, except such courts of equity," &c. This provision was left out of the constitution of 1846, but *it* contains the following provision: " Inferior local courts of civil and criminal jurisdiction may be established by the legislature in cities, and such courts, except for the cities of New York and Buffalo, shall have an uniform organization and jurisdiction in such cities."

These views, if correct, are decisive of the case of Kerr; as it follows from them that Justice Lane, under the act of 1857, had and has power to impannel a jury of six to try the issues in the action against Kerr, and to try the issues with such jury, and that Kerr could not rightfully claim the protection of the constitutional provision as to trials by jury.

As to the constitutional question raised by the proceed-

The People *v.* Lane.

ings in the action against Ranney for a penalty of $250, or several penalties, in the aggregate amounting to $250, I do not think it can be said that the act of 1857 violates his constitutional right to a trial of the issues by a common law jury of twelve men, for by subdivision 3 of section 3 of the act, he had and has the right, at any time after issue joined, and before the trial, to remove the action to the court of common pleas, where he can have a trial by a jury of twelve men, upon executing an undertaking to the plaintiff with one or more sureties to be approved by the justice, to pay any judgment which may be recovered against him in the court of common pleas. I do not think that these terms, upon which he can have a jury of twelve, should be regarded as such a clog upon his constitutional right to a trial by a jury of twelve as to be a violation of it.

Moreover, Ranney did not claim a right to a jury of twelve at the time issue was joined, nor until after several adjournments; but at the time issue was joined, he did demand a trial by jury, which meant such a jury trial as he could have in that court. Now I am not sure that it cannot be said that Ranney waived any right to a jury of twelve, otherwise than by complying with the terms mentioned in section 3 of the act of 1857.

Upon the whole, I think both motions should be granted without costs; but the mandamus in the case of Ranney must be, that Justice Lane try and dispose of the action with a jury of six, unless Ranney removes the action to the court of common pleas, under section 3 of the act of 1857, before the commencement of the trial in the district court.

[NEW YORK SPECIAL TERM, at Chambers, May 3, 1869. *Sutherland,* Justice.]