FRENCH *v.* LIGHTY.

Nov. Term,
1857.

FRENCH
v.
LIGHTY.

9   475
162  463

Friday,
November 27.

No appeal lies from the decision of the Circuit Court, in a proceeding to contest an election.

APPEAL from the *Fountain* Circuit Court.

PERKINS, J.—Motion to dismiss the appeal. This is a case of contested election. The contest related to the election of a county officer. A motion is made to dismiss the appeal from the Circuit to this Court, on the ground that no such appeal lies.

It is, then, a question of jurisdiction. Does the Supreme Court possess it?

The constitution says, (art. 7, s. 4) that, "The Supreme Court shall have jurisdiction, co-extensive with the limits of the state, in appeals and writs of error, under such regulations and restrictions as may be prescribed by law. It shall also have such original jurisdiction as the General Assembly may confer."

If the Court, then, has jurisdiction in this case, it is conferred by some law. *The State* v. *Dunning,* [*ante,* 20]. The General Assembly has conferred no original jurisdiction upon the Court touching the matter. Has it conferred appellate jurisdiction? In the first volume of the Revised Statutes, p. 269, is found an act entitled "An act to provide for contesting the election to any state, district, circuit, county, or township office," pursuant to the provisions of which the proceedings appealed from were had.

That act authorizes no appeal to the Supreme Court. It gives an appeal in certain cases to the Circuit Court, but to none higher. It confers, then, no jurisdiction upon this Court to entertain the appeal in question. Is jurisdiction conferred by any other statute?

In the 2 R. S. p. 27, is found an act entitled "An act to revise, &c., practice, pleadings, and forms in civil cases," &c.—art. 27, s. 550 of which (on page 158) provides that appeals may be taken from the Court of Common Pleas

Nov. Term, 1857.

FRENCH
v.
LIGHTY.

and the Circuit Court, to the Supreme Court, from all final judgments, &c.

But the appeals here spoken of, are in cases the trial of which is provided for in the act of which the appealing section forms a part, and no other. Of this there can, it seems to us, be no doubt. Hence, in the act relative to practice, &c., in criminal actions, is found (2 R. S. p. 381) a section authorizing an appeal in that class of cases; but that section gives an appeal in none but criminal cases. By no other statutory provision is it claimed that the appeal now in question is authorized. Here, then, we might stop. We have found that the act providing for contested elections gives no appeal to the Supreme Court; that the act regulating the practice in civil suits only gives an appeal in the cases embraced in that statute; that the act relative to practice in criminal cases only gives an appeal in that class of cases; and that no other statute gives this Court jurisdiction of that under consideration; while it is conceded that the Court cannot entertain it, unless empowered to do so by statute.

But there is another slightly different line of argument, which was ably pursued by counsel, and leads to the like result. We present, but need not elaborate it. It runs thus:

Appeals to the Supreme Court are authorized by the provisions in the practice act, in civil and criminal cases only.

A proceeding to contest an election is neither the one nor the other, but is simply what it is named—the contesting of an election.

It is so treated in our statutes, as has already been seen: the proceeding is authorized, the practice in it prescribed from beginning to end, and the Courts named within which it may be carried on, in a special statute, complete within itself, and under an appropriate title.

It is so treated, we conclude, reasoning analogically, in judicial decisions. In the matter of *Smith*, 10 Wend. 449; *Ex parte Robinson*, 3 Ind. R. 52. See 5 Ind. R. p. 254.

The appeal now in question, then, being in neither a

civil nor criminal case, but in a special proceeding under a special statute, is not authorized by the provisions in the acts above referred to. It is the unanimous opinion of the Court that the appeal should be dismissed with costs (1).

Nov. Term, 1857.

FRENCH
v.
LIGHTY.

*Per Curiam.*—The appeal is dismissed with costs.

*W. H. Mallory, I. A. Rice, W. C. Wilson, J. Wilson, R. C. Gregory,* and *C. Tyler,* for the appellant.

*J. Pettit, D. W. Voorhees,* and *J. Ristine,* for the appellee.

(1) The opinion of the Court below has been published. The decision being final, an abstract of that opinion is appended.

This was a special proceeding to contest the election of *David S. French* to the office of treasurer. and collector of *Fountain* county, under 1 R. S. 1852, ch. 34, pp. 269 to 273. Sections 20 and 21 of that chapter read as follows:

" SEC. 20. Appeals may be taken herein, as from other decisions of such board; *Provided,* the same be taken within ten days.

" SEC. 21. If, upon such appeal, the Circuit Court confirm such election, a certificate thereof shall issue; if such election be annulled, and no other person declared elected to the same office, it shall be declared vacant."

Several preliminary motions were made in the case. Counsel for contestee demanded a jury trial, which, after hearing argument and examining authorities, the Court refused. The question has since been settled by the Supreme Court in accordance with that decision. In *The Lake Erie, &c., Railroad Co.,* v. *Heath,* at the *November* term, 1857, the Court say: "It has not been the practice in this state to try chancery causes, nor to assess damages in the laying out of highways, by jury (see *Kemp* v. *Smith,* 7 Ind. R. 471); nor to try contested elections by that tribunal. Other cases might be named, &c. Not every case which is not a criminal one, is a civil one." *French* v. *Lighty,* [this case on appeal], at the same term, and many other cases, are referred to.

The principal points decided were the following:

1. To gain a domicile in this state, the citizen of another state must remove, locate, and intend permanently to remain here. Residence without such intention operates no change of political rights; and such resident cannot vote in this state. Thus, also, a residence in a county for any length of time, on business, on a visit, for pleasure, or for any temporary purpose, with intention to return to a domicile elsewhere, or without intention to remain for an indefinite time at least, is no abandonment of the former domicile, and gives no domicile in the county where such temporary sojourn is made, and consequently no right to vote at such temporary place of residence.

2. By our law, no elector can vote except in the township or precinct where he resides. The right to vote, eligibilty to office, and liability to taxation, in one township, are exclusive of those rights and liabilities in all other townships.

3. Upon a question of domicile, evidence of the conduct or declarations of the party, afterwards as well as before, may be received to ascertain his intention on a particular day. The word "home," is nearly synonymous with the word " domicile." A residence, within the meaning of our constitution, is a

home. The best definition of domicile seems to be—"A residence at a particular place, accompanied with positive or presumptive proof of an intention to remain for an unlimited time. But the intention to acquire a domicile in any place is not sufficient, without removal to and location in that place. Domicile is acquired instantaneously upon removal and location, *animo manendi*. "If a person has actually removed to another place, with an intention of remaining there for an indefinite period, and as a place of fixed present domicile, it is to be deemed his place of domicile, notwithstanding he may entertain a floating notion to return at some future time." But the act and the intention must be united and complete. And the party's declarations, coupled with his acts, furnish the evidence of his intentions. Domicile can always be found and proved.

4. A single man can be no more without a fixed domicile than a man of family; and though the domicile of the former may be more difficult to find and prove, yet the rules of evidence by which it is ascertained are the same as those applicable in determining the domicile of other persons.

5. Persons of foreign birth, who have been one year in the *United States*, and have declared their intention, &c., are entitled to vote, under the restrictions applicable to other persons; with this only difference, that where their right is questioned, the form of the oath to be administered to them is varied from that administered to other persons. Though in some instances the domicile of such persons is more difficult to prove, the rules of evidence applicable in ascertaining it are the same as in other cases.

6. The provisions of the statute, with regard to challenging and swearing voters must be strictly adhered to.

7. The oath of the voter is in all cases the primary, and to the election board conclusive, evidence of his right to vote.

8. The board of election officers cannot demand record evidence in any case; nor have they any authority to pass upon the validity of such evidence when presented.

9. Men who are required to take an oath to qualify them for the exercise of any right, or the performance of any duty, certainly ought to have that oath administered to them in the manner most binding upon their consciences; but as this is known only to the person being sworn, the officer administering the oath should not force any one to swear in a particular manner against his will, and should never assume to judge what will bind the consciences of others. In the performance of this office, he should attend to becoming solemnity and strict decorum.