*W. R. Pierse* and *H. Craven*, for the appellant.

---

ALLEN and Others *v.* HOSTETTER and Others.

The mode prescribed by § 2 of the act in relation to the formation of new counties, (Acts 1859, p. 60,) for ascertaining the whole number of qualified

voters of the district proposed to be constituted into a county, viz: by reference to the vote cast at the last preceding Congressional election, was not intended to exclude other evidence of that fact, at least in cases where such mode of proof is inapplicable; as where civil townships are divided. The general statute upon the subject of appeals was enacted in view of ordinary civil proceedings, and does not embrace proceedings under special acts; and hence no appeal will lie from the decision of the county board on a petition for the formation of a new county.

*Friday,
January 25.*

APPEAL from the *Montgomery* Common Pleas.

HANNA, J.—*Allen* and others presented to the board of commissioners their petition, asking that steps might be taken preliminary to the formation of a new county, part of the territory of which should be detached from *Montgomery*.

The board dismissed the application, on the ground that the act was unconstitutional. From that decision an appeal was taken to the Common Pleas Court, which appeal was dismissed, on the ground that from the decision of the board no appeal would lie.

This ruling presents the first question. On the one hand, it is insisted that an appeal lies, as in civil cases, and that the question has already been passed upon, under a similar statute, in the case of *The Board, &c.* v. *Spitler*, 13 Ind. 235. On the other hand, it is urged that the statute authorizing this proceeding is special, and the decision in regard to appeals from the action of the board, under said statute, should be the same as in *French* v. *Lighty*, 9 Ind. 475.

We are urged to give an opinion upon another point.

Before the motion to dismiss the appeal was made, the petitioners had moved the Court to set the case down for hearing; and, the bill of exceptions states, offered to support it by proofs that a majority of the legal voters residing within the boundaries of said proposed new county had signed said petition. The evidence offered, upon this point, was the properly certified poll books of the full civil townships proposed to be included in said new county, and as to those residing in the fractions of civil townships, oral testimony was offered. Was the evidence admissible?

Section 1 of the Act of 1859, p. 60, provides that whenever a majority of the legal voters in the district of country proposed

to be formed into a new county shall petition, &c. Section 2,

p. 61, of the same Act, provides a mode of ascertaining whether the petitioners are a majority, namely: by reference to the number of votes cast at the last preceding Congressional election.

It is insisted that, as this mode of ascertaining the fact is designated by the Legislature, it is, in effect, a rule of evidence prescribed by that body, and that no other evidence is properly admissible, except as therein provided for.

In answer to this it is urged that the object in view was to require a majority of the legal voters to authorize action. That the rule of evidence laid down was enacted for the mere purpose of ascertaining that fact without the trouble and expense of taking an enumeration of all the resident voters, but was not intended to be the exclusive mode of proving such main fact, especially in an instance where such proof can not be made by poll books, &c.

We are inclined to the latter view of this statute, as the correct interpretation thereof. We suppose the Legislature intended the act in question' to be effective, and did not intend to lay down a rule of evidence that would defeat or prevent almost every contemplated application for the formation of a new county. The main fact to be proved, in that behalf, being that a majority of the legal voters favored the project, it would, without doubt, in every instance that may arise under it, require a less number of names to a petition to exceed one half the number that might have voted at a Congressional election, than it would require to represent the one half of the actual voters. This would result from the fact that population is on the increase in almost every portion of the State, and we suppose there is not, for many reasons, any election transpires at which every voter exercises the right of suffrage in a scope of country large enough, and populous enough, to form a county, and incur the expense of the government thereof.

It would then be to the interest of the petitioners to be permitted to resort to the mode of proof designated in the statute, and, perhaps, it may be their duty to do so in instances where such evidence is applicable; but such evidence is not applicable where it is asked to divide civil townships.

VOL. XVI.—2

The Legislature, therefore, intended such applications to be made only where the lines of such townships could be followed, which would have a tendency to prevent nearly all intended petitions to form new counties; or, petitioners were left at liberty, when a township would be divided, to resort to the usual mode of proof. We think the latter is the proper construction of the statute under consideration. Nevertheless we can not disturb the judgment in this case.

The decision in *Lighty* v. *French*, was pronounced under a statute of a special character, in reference to the mode of proceeding in contesting elections. It was there, in effect, held that the general statute, upon the subject of appeals, was enacted in view of usual and ordinary civil proceedings, and did not embrace proceedings under that special act; and as that act did not include a provision authorizing an appeal, therefore, one could not be taken.

We are not able to distinguish any difference between the scope, effect, and character of that statute, and the one under which this proceeding was instituted, in respect to the right of appeal; nor has any such distinction been pointed out. While that decision is acknowledged as an authority, it is, in our opinion, decisive of this question of appeal. We see no sufficient reason for overruling the conclusion then arrived at.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. E. McDonald* and *A. L. Roache*, for the appellants.

*S. C. Wilson* and *Lew. Wallace*, for the appellees.