TRUSTEES OF THE TOWN OF PRINCETON *v.* MANCK.

TOWN—*Annexation of Contiguous Territory.—Appeal from Board of Commissioners.*—In a proceeding by an incorporated town to annex contiguous territory no appeal lies from the judgment of the board of county commissioners.

STATUTE CONSTRUED.—*Appeals from Commissioners' Court.*—The general provision of the statute relative to appeals from the commissioners' court applies only to ordinary civil proceedings.

APPEAL from the Gibson Circuit Court.

PETTIT, J.—This was a proceeding commenced before the board of commissioners of Gibson county for the annexation of contiguous territory, belonging to the appellee, to said town. The board made the order as petitioned for, annexing the territory. Appeal to the circuit court, and there appellee moved the court to dismiss the case for want of the proper notice before the commissioners; which motion was sustained; exception, and appeal to this court. The act under which this proceeding was instituted was approved June 11th, 1852, and is entitled, "An act for the incorporation of towns, defining their powers, providing for the election of the officers thereof, and declaring their duties." The only portions of the act relating to the question before us, are secs. 51 and 52, 1 G. & H. 630, and are here quoted.

"SEC. LI. When any town shall desire to annex contiguous territory thereto, not platted or recorded, the trustees shall present to the board of county commissioners a petition setting forth the reasons for such annexation, and shall accompany the same with a map or plat accurately describing by metes and bounds the territory proposed to be attached, which shall be verified by affidavit. Such trustees shall give thirty days' notice by publication in a newspaper printed in such town, if any, otherwise in the county, or if none, then by posting up such notice in five or more public places within the corporation; a copy of such notice shall be served on the owner or owners of such territory, if known, and are residents of the county.

"SEC. LII. The board of county commissioners upon the reception of such petition shall consider the same, and shall hear the testimony offered for or against such annexation; and if, after inspection of the map, and the testimony being heard, such board is of the opinion that the prayer of such petition should be granted, it shall cause an entry to be made on the order book, specifying the territory annexed, with the boundaries thereof, according to the survey, which entry or an attested copy thereof shall be conclusive evidence in all courts, of such annexation."

These sections do not provide for, or contemplate, an appeal from the action of the board, but, on the contrary, it is provided that the affirmative action of the board "shall be conclusive evidence in all courts of such annexation." The act for the incorporation of cities, 3 Ind. Stat. 63, sec. 86, has the same provision as to the conclusiveness of the action of the board in the annexation of contiguous territory, and though we are not aware of the question of the right of appeal from the board ever having been presented to this court, yet some of us know, as a matter of fact, that such appeals have been dismissed by the circuit courts for want of jurisdiction. The general provision for appeals from the board of commissioners does not apply to all matters upon which they are required to act. An examination of the statutes will show a number of instances where an appeal is not allowed, as in the case of allowances for services voluntarily rendered, 1 G. & H. 65, sec. 9. In *Allen* v. *Hostetter*, 16 Ind. 15, it is held by this court, "that the general statute upon the subject of appeals was enacted in view of ordinary civil proceedings, and does not embrace proceedings under special acts; and hence no appeal will lie from the decision of the county board on a petition for the formation of a new county." In *French* v. *Lighty*, 9 Ind. 475, it was held, although there was a statute giving an appeal from the circuit and common pleas courts to the Supreme Court from all final judgments, that no appeal would lie from a final judgment of a circuit court in a contested

election case. *In re Smith*, 10 Wend. 449, and other author-ities are cited. The board of commissioners have admin-istrative, and, to some extent, judicial powers, and, in our judgment, the general assembly wisely left this question to their final determination, instead of allowing it to go to the higher judicial tribunals.

We hold that the circuit court had no jurisdiction of the appeal.

The judgment is reversed, at the costs of the appellee, with instructions to the circuit court to dismiss the appeal for want of jurisdiction.

*D. F. Embree*, for appellants.