CITY OF INDIANAPOLIS *v.* STURM ET AL.

CITY.—*Annexation of Territory.* — *County Commissioners.*—*Appeal.*—No appeal lies from the decision of a board of county commissioners annexing contiguous territory to a city.

APPEAL from the Marion Circuit Court.

PETTIT, J.—This was a proceeding commenced before the

Board of Commissioners of Marion county by the city of Indianapolis, which is situated in that county, to annex contiguous territory to the city, under secs. 85 and 86, 3 Ind. Stat. 108. The board of commissioners ordered the annexation, from which order the proper, or interested, parties appealed to the circuit court, when, on their motion, the case was dismissed. This ruling was excepted to and is assigned for error. It is also assigned for error that the circuit court had no jurisdiction of the cause, because no appeal lies from the commissioners in such a case.

We hold that no appeal lies in such case as this, and hence that the circuit court had no power to dismiss the petition or case, but should have dismissed the appeal for want of jurisdiction.

This question was fully considered in the case of the *Trustees of the Town of Princeton* v. *Manck,* 35 Ind. 51, and in *Church* v. *The Town of Knightstown,* 35 Ind. 177. The cases cited in the case of the *Trustees of the Town of Princeton* v. *Manck* leave no doubt in our minds as to the correctness of the ruling. Section 86, above cited, says: "Which shall be conclusive evidence of such annexation in all courts in this State." The action of the board is conclusive, and, therefore, there is no appeal. The court below erred in dismissing the petition or case, but should have dismissed the appeal for want of jurisdiction.

The judgment of the court below is reversed, with instructions to dismiss the appeal, at the costs of the appellees in this court.

*J. S. Harvey* and *T. C. Harrison,* for appellant.

*R. B. Duncan, J. S. Duncan, N. B. Taylor,* and *E. Taylor,* for appellees.