BOSLEY ET AL. *v.* ACKELMIRE ET AL.

APPEAL.—*Board of County Commissioners.*—A proceeding before a board of county commissioners to relocate a county seat is a special proceeding, for a special purpose, based upon a special statute which gives no right of appeal; and such proceeding, being special, cannot be governed by the general statute granting appeals (1 G. & H. 253, sec. 31); and, therefore, no appeal lies from the decision of the board of county commissioners therein. *Hanna* v. *The Board, etc.,* 29 Ind. 170,. and *Wright* v. *Harris,* 29 Ind. 438, criticised.

APPEAL from the Clay Circuit Court.

PETTIT, J.—This was a proceeding commenced before the board of commissioners of Clay county, to change, or relocate, the county seat. From the order of the commissioners, an appeal was taken to the circuit court, and in that court, on motion of appellees, the appeal was dismissed, because no appeal lies from the commissioners in this case. This dismissal alone is assigned for error.

The appellant had promised us a brief during last week, but it has not been furnished. We do not deem it necessary to write over again at length what has been repeated by this and other courts, upon analogous questions, clearly in point and principle with this. *Allen* v. *Hostetter,* 16 Ind. 15. In that case the court say: "The general statute, upon the subject of appeals, was enacted in view of usual and ordinary civil proceedings, and did not embrace proceedings under that special act." *French* v. *Lighty,* 9 Ind.

475; *Ex parte Smith*, 10 Wend. 449, and authorities there cited; *Trustees of the Town of Princeton* v. *Manck*, 35 Ind. 51, and authorities there cited.

We hold that from a proceeding before the county commissioners for the removal of a county seat, there is no appeal. That body has politico-judicial jurisdiction and power in their respective counties over this and similar questions, and we think the legislature wisely left to its final determination this question, instead of allowing an appeal to a court where either party would be entitled to a jury, and yet where a jury could not be made up of men who had not formed or expressed an opinion, and had not a real or supposed interest in the subject-matter of the suit.

The court committed no error in dismissing the appeal.

The judgment is affirmed, at the costs of the appellants.

## On Petition for a Rehearing.

Buskirk, C. J.—A very earnest petition for a rehearing has been filed by the appellants, which has been supported by a very able argument. We have, upon this petition, re-examined and re-decided the principal question involved in the case, and which was decided upon the original hearing; and after this very careful and mature consideration, we are constrained to adhere to the original ruling.

We are referred, by the learned counsel for the appellants, to the cases of *Fordyce* v. *The Board, etc.*, 28 Ind. 454; *Hanna* v. *The Board, etc.*, 29 Ind. 170; and *Wright* v. *Harris*, 29 Ind. 438, as being in conflict with our previous ruling in this case. We do not consider the case of *Fordyce* v. *The Board, etc.*, *supra*, as being an authority in point in this case. The ground upon which our ruling is based is, that this is a special proceeding, for a special purpose, based upon a special statute, which gives no right of appeal; and being a special proceeding, it cannot be governed by the general statute; and that, consequently, no right of appeal exists.

In the case first referred to, the board of commissioners

had passed an order donating, out of the general fund, a large sum of money to aid in the construction of a railroad. The question in the case was, whether a tax-payer of the county, who felt himself aggrieved by such order, and who had shown his interest by affidavit, had the right to appeal from such order. It was decided by this court that an appeal would lie, and we think such ruling was correct. The board did not assume to act under any special statute, but under the general statute regulating and defining their powers and duties; and we are only surprised that any one should have ever doubted that section 31 of said act would apply to, and give a right of appeal in, such a case.

The counsel for the appellants, while relying upon the decision in the case of *Hanna* v. *The Board, etc., supra,* are forced to admit that that portion of the opinion which held that where the power to purchase a poor farm had been once exercised, the power was exhausted and could not again be exercised, was not the law. In the opinion of counsel thus expressed we very heartily concur.

But there is another principle announced in that case, which, in our opinion, was not then and is not now the law. It was held in that case that where a new power was conferred upon the board, a right of appeal would exist, unless in the act granting the power an appeal is denied.

An appeal is given by statute, and does not exist in any case unless it is expressly or by necessary implication conferred. The want of a denial of a power or right that does not exist cannot be construed to confer such right. The right of appeal is given by section 31 of said act from all decisions of the board, in the exercise of the powers conferred by such act. We are very clearly of the opinion that a special statute, conferring special powers for a special purpose, cannot become so incorporated into the general act prescribing the powers and duties of the board, that a right of appeal can exist under such general act.

The next and last case relied upon is that of *Wright* v. *Harris, supra,* which was an appeal by the remonstrants from

the decision of the board granting a license to retail intoxicating liquors. The question in the case was whether an appeal would lie from such order. This court held that a right of appeal was expressly given by the statute of 1861. This ruling was clearly right. This disposed of the only point raised by the record; but this court proceeded to discuss the question of whether an appeal did not exist independent of the act of 1861, and having arrived at the conclusion that such right existed, proceeded to overrule the case of *Drapert* v. *The State*, 14 Ind. 123, which was or seemed to be in conflict with the conclusion arrived at. In our opinion, all that portion of said opinion which held that the act of 1861 was declaratory of a right which existed under the general statute was *obiter*.

It is claimed by the appellant that great injustice will result if a right of appeal does not exist; but that is a question for the legislature, and not for us.

The petition is overruled.

*D. E. Williamson* and *A. Daggy*, for appellants.

*G. A. Knight, S. W. Curtis, I. M. Compton*, and *G. P. Stone*, for appellees.