## TURNER ET AL. *v.* REHM.

LIQUOR LAW.—*License.*—*Appeal.*—An application for a license to sell intoxicat-
ing liquors, under the act of March 5th, 1859, was refused by the county
commissioners, and the applicant appealed to the circuit court, from the
decision of which court certain remonstrants appealed to this court.

*Held*, that under the act of 1861, the decision of the circuit court was final, con-
clusive, and without appeal to the Supreme Court.

From the Dearborn Circuit Court.

*S. R. Downey, J. D. Haynes,* and *J. K. Thompson,* for
appellants.

*J. Schwartz,* for appellee.

BUSKIRK, J.—The appellee applied to the board of com-

Turner *et al. v.* Rehm.

missioners of Ohio county for a license to retail intoxicating liquors in a less quantity than a quart at a time, under the provisions of the act of March 5th, 1859.

A remonstrance was filed by a portion of the inhabitants of the township in which the business was to be conducted, remonstrating against the granting of such license.

The board of commissioners refused to grant the license, and the applicant appealed to the circuit court.

In the circuit court, the venue was, upon the application of the appellee, changed to the Dearborn Circuit Court.

In the latter court, a motion to dismiss the case, upon the ground that no sufficient appeal bond had been filed, was overruled, and a motion to reject and strike out the remonstrance because it did not conform to the statute was sustained; and thereupon an application was made for leave to file another remonstrance, which was overruled. Proper exceptions were taken to all of these rulings.

The cause was tried by the court and resulted in a finding for the appellee, and the court, over a motion for a new trial, rendered judgment on the finding.

The remonstrants appeal.

The appellee has filed a written motion to dismiss the appeal, because the decision of the court below is final, from which no appeal lies; and in support of this motion we are referred to the case of *The State* v. *Vierling*, 33 Ind. 99.

The counsel for appellants insist that the above case cannot be regarded as authority in this, because in the present case there was no trial by jury.

We do not think that the act of 1861 is susceptible of such a construction. Such act, after providing for an appeal by either party aggrieved, proceeds thus: " Either party to such appeal to the circuit court or court of common pleas, may demand and have a trial by jury in said circuit court or court of common pleas, and the decision or verdict of such jury shall be final and conclusive, and without appeal therefrom." 3 Ind. Stat. 330, sec. 2.

There is manifestly an omission in the above act. The true reading of it should be, and the decision of the court or verdict of such jury shall be final and conclusive and without appeal therefrom. The right of trial by jury is given, but it is not compulsory. Either party may demand a jury trial, but the parties may waive a jury trial. We think the intention of the legislature was to make the decision in the appellate court final and conclusive, without reference to the mode of trial.

It is, however, insisted by counsel for appellants, that it has been held by this court that an appeal could have been taken from the board of commissioners to the circuit court or common pleas court independent of the act of 1861. *Wright* v. *Harris*, 29 Ind. 438. But the ruling in the above case was virtually overruled, on that point, in the subsequent case of *Bosley* v. *Ackelmire*, 39 Ind. 536.

But conceding that the right of appeal, as given by the act of 1861, to the circuit or common pleas court might have been exercised independent of such act, this concession would not give a right of appeal from the circuit or common pleas court to this court. The giving of an appeal by the statute did not take away the common law right. The act of 1861 does not stop with giving an appeal to the circuit or common pleas court, but it in express terms provides, that the decision in such court shall " be final and conclusive and without appeal therefrom." While such act may be only declaratory of the common law, so far as the right of appeal from the board of commissioners to the circuit or common pleas court is concerned, it in express terms takes away all right of appeal from the circuit or common pleas court to the Supreme Court. Under the decision in *Wright* v. *Harris*, *supra*, the appeal to the circuit or common pleas court may be taken under the statute or at common law, for the giving of a new right by statute does not take away a right existing at common law. The new remedy is cumulative only; but where a statute prohibits the doing of any thing

that was previously lawful, such right is taken away and can no longer be exercised.

We are quite clear that no appeal lies in this case to this court.

The appeal is dismissed, at the costs of the appellants.