Windman *v.* The City of Vincennes *et al.*

---

WINDMAN *v.* THE CITY OF VINCENNES ET AL.

CITY.—*Annexation of Territory.—How Made.—Enjoining Municipal Taxation.*
—*Appeal.—Evidence.—County Commissioners.—Pleading.*—In an action against a city, by the owner of real estate, which had been annexed

thereto, to enjoin the collection of municipal taxes assessed thereon by the city, the complaint alleged, that the proceeding annexing such real estate was void, for the reasons that such real estate was used exclusively for farming purposes, and was not contiguous to the city, and had not been laid off in lots; that no petition for such annexation had been presented to the board of commissioners by the city; that the city had assigned no reasons for such annexation, in a petition therefor; that no accurate description of the real estate by metes and bounds, and no plat thereof, had been presented to the board by the city; that no sufficient notice of such petition by publication had been given; that no application for such annexation had been made to or acted upon by such board at any regular or lawful session; and that plaintiff had never had any notice of such proceeding.

*Held*, on demurrer, that the complaint is sufficient.

*Held*, also, that such proceeding, to be valid, must be in strict conformity with the statute authorizing it.

*Held*, also, that the decision of the board in such proceeding is one from which no appeal lies.

*Held*, also, that only when the proceedings in such case have strictly complied with the statute is the entry of such annexation, or an attested copy thereof, conclusive evidence of annexation.

From the Knox Circuit Court.

*H. S. Cauthorn*, for appellant.

*J. M. Boyle*, for appellees.

Howk, J.—In this action, the appellant, as plaintiff, sued the appellees, as defendants, in the court below. The object of the action was to enjoin the appellees from collecting certain taxes, which, the appellant claimed, had been illegally assessed against his real estate by the appellee The City of Vincennes for municipal purposes.

The appellant's complaint was in two paragraphs, to each of which the appellees separately demurred for the want of sufficient facts therein to constitute a cause of action.

The demurrers to the first paragraph were overruled, and the demurrers to the second paragraph were sustained, by the court below; and to the latter decision the appellant excepted.

The appellees then answered, by a general denial, the first paragraph of the complaint; and the issues thus joined were

tried by the court, upon an agreed statement of facts, and a finding made for the appellees. And, over the appellant's motion for a new trial, and his exception saved, judgment was rendered by the court below, on its finding.

In this court, the appellant has assigned several alleged errors, among which is the decision of the court below, in sustaining the appellees' demurrers to the second paragraph of his complaint.

As the controlling and decisive questions in this case are fairly presented by this second paragraph of the complaint, and the error assigned thereon, we will consider these questions, as thus presented, in this opinion. To this end, we will first give a summary of the facts alleged in this paragraph of the complaint.

The appellant alleged therein, that he was the owner of a certain parcel of real estate, particularly described, in Knox county, Indiana, containing five acres, and was a citizen of said county; that his said real estate was used and occupied by him exclusively for agricultural purposes; that said real estate was not laid off into lots, and was not contiguous to the corporate limits of the city of Vincennes, in March, 1869; that he never consented, that his said real estate should be annexed to and made part of the city of Vincennes; that said city of Vincennes, in March, 1869, disregarding his wishes and interest, for the sole purpose of increasing the amount of its taxable property, and wrongfully subjecting appellant to the burthens of city taxes, attempted, in violation of law, to annex his said real estate to said city, and to that end procured the board of commissioners of said Knox county to enter of record a pretended order annexing his said real estate, with other tracts, to said city; but the appellant averred and charged, that said pretended order of annexation by said commissioners was void and of no force and effect whatever, for the following reasons, to wit:

1st. That said city of Vincennes did not present to said board of commissioners any petition whatever, praying for said annexation;

2d. That said city did not set forth to said board of commissioners, in a petition, the reasons for said annexation;

3d. That said city never presented to said board of commissioners an accurate description, by metes and bounds, accompanied with a plat, of the lands or territory proposed or desired to be annexed to said city;

4th. That the common council of said city did not give thirty days' notice, by publication in some newspaper of the city, of the intended petition, describing in such notice the territory sought to be annexed;

5th. That said application for said annexation was never made to said board of commissioners at a regular term held according to law;

6th. That said board of commissioners never acted upon any application for said annexation of said real estate, made by said city or in its behalf, at a regular term of its court held according to law, nor at any term whatever, held in conformity to law, nor at any term whatever, of which the public or the appellant had any notice whatever, or of which they or appellant were bound to take notice; and,

7th. That no notice whatever was ever given by said city, or by any one in its behalf, of the time, place, or term of the said board of commissioners, when any petition for the annexation of said real estate would be presented to said board, and that the appellant never had any notice whatever thereof.

Wherefore the appellant averred and charged, that the said pretended proceedings for the annexation of his said real estate were coram non judice, and consequently were null and void; and that the said board of commissioners never lawfully acquired jurisdiction in the premises, and their pretended action and order therein were null and void.

It was then alleged, that, under said pretended annexation, the appellee The City of Vincennes had unlawfully and wrongfully caused the appellant's said real estate to be listed for taxation, and had unlawfully and wrongfully assessed said real estate with taxes, for the purposes of said city, to the amount

of fifty-four dollars and forty-eight cents; and that the appellees were threatening to, and would if not enjoined therefrom, collect such illegal and wrongful taxes, by distress and sale of the appellant's property.   Wherefore, etc.

Copies of the annexation proceedings, mentioned in said paragraph of complaint, were therewith filed and made part thereof.

It is very clear, we think, that, under the averments of the second paragraph of appellant's complaint, and the truth of these averments was conceded by appellees' demurrers, the proceedings had and held by The City of Vincennes, and by the board of commissioners of said Knox county, for the annexation of appellant's said real estate to said city of Vincennes, were informal, illegal, and absolutely void and of no effect.

The only authority for the institution, prosecution and hearing of such proceedings for the annexation to an incorporated city of territory contiguous thereto, without the consent of the owner or owners of such territory, is to be found in sections 85 and 86 of the general law of this State for the incorporation of cities, approved March 14th, 1867. 1 R. S. 1876, p. 311.

In the case of *The City of Peru* v. *Bearss*, 55 Ind. 576, in construing these sections, with reference to the proceedings authorized thereby, we used this language :   " In other words, the entire proceedings for the annexation of contiguous territory to incorporated cities are statutory proceedings; and to make them operative and give them validity, it is essentially necessary that all the proceedings should be in strict conformity with the provisions and requirements of the statute."

In the case now before us, it is conceded by appellees' demurrers to the second paragraph of appellant's complaint, that the provisions and requirements of the statute were not complied with in the attempted annexation of the appellant's real estate to the city of Vincennes; and therefore we hold

that such attempted annexation was inoperative and invalid for any purpose.

But it is provided in said section 86, *supra*, that an attested copy of the entry of annexation, made by the board of commissioners, " shall be conclusive evidence of such annexation in all courts in this State ;" and therefore, and therefrom, it is argued that such entry of annexation, once made by the proper board, whether made in conformity with, or in direct violation of, the requirements of the statute, is final and conclusive as to all matters or questions properly connected with such annexation. It may be conceded, that an entry of annexation, made by the proper board of commissioners, in a proper proceeding for that purpose, instituted by the proper party, in the proper mode, and after proper notice and hearing of the cause, or an attested copy of such entry, would be conclusive evidence of such annexation ; for such an entry would be the final jndgment of a competent tribunal, clothed by law with exclusive jurisdiction of the subject-matter of the cause, and which had acquired jurisdiction of the persons of all parties interested in the proceeding, in the mode prescribed by the statute. It will not do, however, as it seems to us, to say that an entry of annexation, which has not been made in strict conformity with the requirements of the statute, shall be conclusive of the rights of interested parties.

The law does not contemplate nor provide, that any entry of annexation shall be conclusive evidence, except it be such an entry as has been made pursuant to, and in accordance with, the plain provisions of the statute.

It appears from the record in this cause, that the decisions of the court below therein were made upon the theory, that an entry of annexation, once made by the board of commissioners and recorded, was conclusive evidence of annexation, and could not be impeached.

In our view of the matter, this theory is wrong, and is not supported nor justified by the intent and meaning of the statute.

It seems to us, that, if the averments of the second paragraph of the complaint were true in fact, then the annexation proceedings before the board of commissioners of Knox county were wholly unauthorized by law, and were therefore void.

An appeal will not lie from the action or decision of a board of commissioners, in the proceedings authorized by said sections 85 and 86 of the general law for the incoporation of cities. It was so held by this court, in the case of *City of Indianapolis* v. *Sturm*, 39 Ind. 159, and in the later case of *The City of Peru* v. *Bearss, supra.* In this latter case, it was said: " In such a proceeding as the one we are considering, the law makes no provision for any appeal from any decision of the board of commissioners, however erroneous it may have been, to any other tribunal. It follows, therefore, that whenever a wrong decision is made by the board, in such a proceeding as this, the parties aggrieved thereby are without any adequate remedy, except such as may be afforded by an action like the one now before us."

In the case cited, as in this case, the action was brought to enjoin the collection of taxes assessed on land, which, it was claimed, had been illegally annexed to a city. *Stilz* v. *The City of Indianapolis*, 55 Ind. 515.

In our opinion, the court below erred in this case, in sustaining the appellees' demurrers to the second paragraph of appellant's complaint.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to overrule the demurrers to the second paragraph of the complaint, and for further proceedings.