### The Town of Cicero et al. *v.* Sanders et al.

From the Hamilton Circuit Court.

*J. W. Evans, J. B. Julian* and *J. F. Julian*, for appellants.

*J. O'Brien*, for appellees.

Perkins, J.—Suit by the appellees to enjoin the collection of taxes assessed upon lands used for farming purposes, claimed to be within the corporate limits of the town of Cicero, the taxes being assessed, as the complaint alleges, for the benefit of said town.

Issues were formed and tried by a jury, the trial resulting in a verdict for the appellees, upon which, over a motion for a new trial, final judgment was entered.

On the trial the court instructed the jury thus: "If the jury believe from the evidence in this cause, that the real estate and personal property of the plaintiffs, described in the complaint herein filed, are situate in the county, and are not situate within the town plat, which has been platted and recorded as a town, and that the farm land so described in the complaint, and the personal property mentioned in the complaint, are farm property, owned and kept by the respective owners as their farms and used for farming purposes only, and the land is used for farming purposes and is not used for town purposes by the owners, and is in no manner appropriated to the purposes of town property by the owners, and is not needed by the town, then the defendant, The Town of Cicero, has no right to levy and collect taxes for any town purpose whatever upon said property. To allow her to do so would be to allow private property to be taken for public use, which can not be done.

"If the facts are sustained, as stated in this instruction, by the evidence, then you must find for the plaintiffs, or for such of them as use their property, upon which taxes are assessed, as stated in the complaint against all the defendants. See Dillon on Corporations, 2d volume, p ge 732, *et seq.*, secs. 633 and 634, and notes; *Fulton* v. *The City of Davenport*, 17 Iowa, 404 to 412; *Mumford* v. *Angle*, 8 Iowa, 82: *Bradshaw* v. *Omaha*, 1 Neb. 16; 34 Iowa, 194; 16 Iowa, 271; 8 Bush, Ky. 607; 9 B. Monroe, 330; 17

B. Mon. 223 ; 15 B. Mon. 491 ; 2 Bush, Ky. 271 ; 2 Met. Ky. 553. See Cooley on Const. Lim. 500, 501."

Exception was duly entered to this instruction.

The instruction was erroneous. *The City of Logansport* v. *Seybold*, 59 Ind. 225; *Tarlton* v. *The City of Franklin, post*, p. 212.

We decide no other question in the cause. The pleadings may be so shaped as to present different questions on another trial.

See, as to annexation of territory. *Stilz* v. *The City of Indianapolis*, 55 Ind. 515. See, as to taxation, Acts 1877, Spec. Sess., p. 73 ; *The City of Peru* v. *Bearss*, 55 Ind. 576.

The judgment is reversed, with costs, and the cause remanded for a new trial.