## THE BALTIMORE, OHIO AND CHICAGO R. R. CO. V. THE BOARD OF COMMISSIONERS OF ST. JOSEPH COUNTY.

*Appeal in Incorporation Cases.*—The statute does not, in terms, authorize an appeal to the circuit court from an order of a board of commissioners incorporating a town, but, on the contrary, declares that such order shall be final and conclusive, and, therefore, the right of thus appealing does not exist. 29 Ind. 170, modified.

Filed May 23, 1881.

Appeal from St. Joseph Circuit Court.

Andrew Anderson, for appellant, cited *Shumway* v. *Bennett*, 29 Mich. 452, as to constitutionality of the incorporation law of 1852; 1 R. S. 1876, § 74.

Lucius Hubbard, for appellee, cited *Trustees, etc.* v. *Mauck*, 35 Ind. 51; *Indianapolis* v. *Sturm*, 39 id. 159; *Allen* v. *Hostetter*, 16 id. 15; 44 id. 436; *City of Paterson* v. *Society, etc.*, 24 N. J. L. 385, as to right of appeal; Dillon on Mun. Corp. § 23; *County of Richland* v. *County of Lawrence*, 12 Ill. 1; *Call* v. *Chadbourne*, 46 Me. 206; *Clinton* v. *C. R. R. R.* 24 Ia. 455; *State ex rel.* v. *Arnold*, 38 Ind. 41; *Taylor* v. *Ft. Wayne*, 47 id. 274; *Stultz* v. *City of Indianapolis*, 55 Ind. 515; *Blanchard* v. *Bissell*, 11 O. St. 96, as to constitutionality of incorporation statute.

Opinion of the court by Mr. Chief Justice Howk.

On the 5th day of March, 1877, one William A. Dailey and one hundred other persons, who claimed to be more than one-third of the legal voters within certain territory, described by metes and bounds, filed their petition to the board of commissioners of St. Joseph county, in the office of the county auditor, in which petition they prayed the said board of commissioners to appoint a time for an election, at which the sense of the legal voters might be taken by ballot as to whether the territory described should be a corporate town, under the name of Walkerton. Such proceedings were had in the matter of said petition, as that afterwards, on the 8th day of June, 1877, an order was made by said board of commissioners, incorporating the said town of Walkerton.

On the 2d day of July, 1877, the Baltimore, Ohio and Chicago Railroad Company, upon an affidavit and bond then filed, appealed

from said order of the board of commissioners to the circuit court of said county. The appellee moved the court below to dismiss said appeal for the want of jurisdiction; which motion was sustained by the court, and to this ruling the appellant excepted, and has appealed therefrom to this court.

From the foregoing statement of this case, it will be readily seen that a single question is thereby presented for the decision of this court, which may be thus stated: Will an appeal lie from an order of the board of commissioners, incorporating a town, to the circuit court of the county? The proceedings and order of the appellee, for the incorporation of the town of Walkerton, were manifestly had and held under and in conformity with the provisions of "An act for the incorporation of towns, defining their powers, providing for the election of the officers thereof, and declaring their duties," approved June 11, 1852, and of the various acts since passed, amendatory thereof. 1 R. S. 1876, p. 874. Neither in the original act, nor in any of the said amendatory acts, is there any provision whatever for an appeal from an order of the county board, for the incorporation of a town. Not only so, but in section 9 of the original act it is expressly declared, that the order of the county board, for the incorporation of a town, "shall be conclusive of such incorporation." 1 R. S. 1876, p. 875. The question for decision is not a new one in this court, for it has been repeatedly decided, in cases where special proceedings were authorized by statute before the board of commissioners for specific purposes, and where the action of the county board was declared to be conclusive, and no provision made for any appeal therefrom, that the decision of the board will be final, and that no appeal will lie from such decision to any other court or tribunal.

Thus, in *Allen* v. *Hostetter*, 16 Ind. 15, it was held by this court "that the general statute upon the subject of appeals was enacted in view of ordinary civil proceedings, and does not embrace proceedings under special acts, and, hence, no appeal will lie from the decision of the county board on a petition for the formation of a new county." In *Hanna* v. *The Board, etc., of Putnam County*, 29 Ind. 170, the case last cited of *Allen* v. *Hostetter, supra,* was criticised and doubted, though not expressly overruled. In the latter case, the court quoted that part of section 31, of " An

act providing for the organization of county boards, and prescribing some of their powers and duties," approved June 17, 1852, (1 R. S. 1876, p. 357), wherein it is declared that "from all decisions of such commissioners, there shall be allowed an appeal to the circuit or common pleas court, by any person aggrieved," and commented thereon as follows: "It will be observed that, while the act does not in terms purport to prescribe all the powers possessed by the board of county commissioners, it does, in express words, authorize an appeal from all decisions they may make. The right of appeal is not limited to the decisions made by virtue of that act, but is expressly extended to all decisions, and when, therefore, jurisdiction already existed, or a new power was conferred by a subsequent statute, unless in the act granting the power an appeal is denied, the decision is subject to review in a higher court."

It will be readily seen, we think, that these two cases lay down rules or criteria, widely differing each from the other, for the determination of the vexed question as to whether an appeal will or will not lie from the decisions of the board of county commissioners to the circuit court of the county, in cases where the statute, authorizing and governing the particular proceeding, does not in terms provide for such appeal. Doubtless some confusion exists in the decisions of this court, following in the lines of the cases cited, upon the point now under consideration. We cannot approve or follow the doctrine of either of the two cases, without material modification. We recognize the force of the general and comprehensive language used in section 31 of the act providing for the organization of county boards, to the effect that from *all* decisions of such county boards appeals should be allowed to the proper circuit court, by the parties aggrieved. Under this statutory provision, broad enough, certainly, in its scope and meaning to embrace any and all decisions in any and all proceedings before the county boards, it will not do to say, we think, as was virtually said *Allen* v. *Hostetter, supra,* that appeals were thereby authorized only in ordinary civil proceedings, and not in proceedings under special acts.

We are of the opinion, also, that the doctrine enunciated in the case of *Hanna* v. *The Board, etc. of Putnam County, supra,* to the effect that under the provisions of said section 31 of the act provid-

ing for the organization of county boards, appeals will lie from any and all the decisions of such boards, in any and all proceedings had before them, to the proper-circuit court, by the parties aggrieved, unless the right of appeal is expressly denied in the statute, authorizing the particular proceeding, is stated too broadly and must be modified. Of course, whenever the statute, which confers jurisdiction on the board of commissioners to hear and decide any matter or question, expressly provides that no appeal shall be allowed or taken from the decision of such board to any higher court, that provision makes the decision final, and no appeal will lie therefrom. But the statutes which confer on boards of county commissioners the jurisdiction and authority to hear and determine certain matters, very frequently provide that the order and decision of the county board shall be final or conclusive of the question heard, while they contain no express provision denying an appeal to a higher court. In such cases it has been repeatedly decided by this court that an appeal would not lie from the order or decision of the county board to the circuit court of the county.

Thus, under sections 85 and 86 of the general law for the incorporation of cities, proceedings are authorized before the board of commissioners of the county, in which the city lies, to hear and decide whether or not contiguous territory, not laid off into lots, shall be annexed to the city without the owner's consent. The statute does not in terms either authorize or deny an appeal by an aggrieved party to a higher court in such a proceeding; but it provides that the order of the county board, for the annexation of territory, "shall be conclusive evidence of such annexation, in all courts in this State." In construing these provisions of the general law for the incorporation of cities, it has been uniformly held by this court, so far as we are advised, that an appeal would not lie from an order of the county board, for the annexation of contiguous territory to a city, by any aggrieved party to a higher court. *City of Indianapolis* v. *Sturm*, 39 Ind. 159; *Stilz* v. *The City of Indianapolis*, 55 Ind. 515; *The City of Peru* v. *Bearss*, 55 Ind. 576; *Windman* v. *The City of Vincennes*, 58 Ind. 480.

So, also, it has been decided by this court, in *Trustees of the Town of Princeton* v. *Mauck*, 35 Ind. 51, that under sections 51 and 52 of the general law for the incorporation of towns, providing for the

annexation of contiguous territory to incorporated towns, in and by proceedings before the board of county commissioners for that purpose, an appeal would not lie from an order of such board annexing such territory in favor of an aggrieved party to any higher court. In that case, the statute was silent on the subject of an appeal to any other court; but it declared that the order of the board, or an attested copy thereof, "shall be conclusive evidence in all courts of such annexation." To the same effect are the following cases: *Church* v. *The Town of Knightstown*, 35 Ind. 177; *The Town of Cicero* v. *Sanders*, 62 Ind. 208.

For the reasons given, we are of the opinion that the rule regulating appeals from the decisions of the board of commissioners to a higher court, as declared by this court in *Hanna* v. *The Board etc., of Putnam Co., supra*, must be so far modified as that it will provide for appeals from all decisions of the boards of county commissioners; *except* in cases or proceedings where an appeal is expressly denied, or where such an appeal is impliedly denied by force of a provision, that the order or decision of the county board shall be final or conclusive, in the statute under which the particular case or proceeding may be authorized and had. It is manifest, we think, that, in the case at bar, an appeal from the decision of the county board, incorporating the town of Walkerton, was and is impliedly denied under and by force of the statutory provision before referred to, that the order of the county board, in such a proceeding, "shall be conclusive of such incorporation." It follows therefore, as we think, that the circuit court did not err in sustaining the appellee's motion for the dismissal of the attempted appeal in this case.

The judgment is affirmed, at the appellant's costs.