Grusenmeyer *et al. v.* The City of Logansport.

### No. 8053.

### GRUSENMEYER ET AL. *v.* THE CITY OF LOGANSPORT.

COUNTY COMMISSIONERS.—*Appeal, Right of.*—Under the 31st section of the general law concerning county boards, 1 R. S. 1876, p. 348, there is a right of appeal from any decision of a judicial character, made by the board of commissioners in any proceeding, unless the right is denied expressly or by necessary implication, and such implication does not arise from the fact that the decision is declared by the law to be conclusive. *Allen* v. *Hostetter,* 16 Ind. 15; *The Trustees, etc.,* v. *Manck,* 35 Ind. 51; *Church* v. *The Town of Knightstown,* 35 Ind. 177; *The City of Indianapolis* v. *Sturm,* 39 Ind. 159; *Bosley* v. *Ackelmire,* 39 Ind. 536; *The Board, etc.,* v. *Smith,* 40 Ind. 61; *Turner* v. *Rehm,* 43 Ind. 208; *The City of Peru* v. *Bearss,* 55 Ind. 576; *Windman* v. *The City of Vincennes,* 58 Ind. 480; *The Baltimore, etc., R. R. Co.* v. *The Board, etc.,* 73 Ind. 213, on this point, overruled.

SAME.—*Town, Incorporation of.—Judicial Decision.*—An appeal lies from an order of the board dismissing a petition for the incorporation of a town. The decision in such case is judicial, and not merely administrative or legislative.

Grusenmeyer *et al. v.* The City of Logansport.

SAME.—*Former Order.—Judicial Knowledge.*—On the hearing of such petition, the board can not take judicial cognizance of its own orders or judgment in a different case on the same subject.

SAME.—*Cities and Towns.—Territorial Limits.*—The courts can not take judicial cognizance of the exact location or territorial limits of a town or city.

JUDGMENTS.—*Jurisdiction.—Collateral Attack.*—The judgments of an inferior court can not be assailed indirectly on account of errors or irregularities not affecting the jurisdiction.

SAME.—*Appeal.—Circuit Court.*—Under section 37 of the general law concerning county boards, the circuit court may make a final determination of such proceeding on appeal, and cause the same to be executed, or may send the same down to the board with directions how to proceed, and may enforce compliance by the board.

From the Cass Circuit Court.

*N. O. Ross, W. T. Wilson* and *G. C. Tabor,* for appellants.

*M. Winfield, Q. A. Myers* and *J. C. Nelson,* for appellee.

WOODS, J.—The appellants presented to the board of commissioners of Cass county a petition for the incorporation of the town of Taberville. The appellee filed an answer to the petition, of the tenor following: "Comes now the City of Logansport, and for cause why the board of commissioners should not take action in the matter says, that the territory described in the notice and petition is, and has been for the last nine years, within the exclusive jurisdiction of the city of Logansport, and therefore not within the jurisdiction of the board of commissioners." Thereupon the board gave judgment rejecting the petition and refusing to order the incorporation of said town. The petitioners took an appeal to the circuit court, where the appellee filed a motion to dismiss the appeal on the ground that "the same is not a case wherein an appeal is allowed by law," which motion the court sustained. The appellants saved an exception to this ruling and have assigned the same as error.

Counsel are agreed that the only question presented for decision is, whether the case is one in which an appeal may

be taken from the decision of the board of commissioners to the circuit court.

The application was made under the provisions of the act for the incorporation of towns, approved June 11th, 1852, 1 R. S. 1876, p. 874, in the first four sections of which it is required that a survey and map, and a census of the people of the territory intended to be embraced within the limits of the proposed town, shall be prepared and left for examination for twenty days within that territory, before the presentation and hearing of the petition, which must be subscribed by the applicants and by not less than one-third of the voters residing within such territory, and must set forth the boundaries, quantity of land and the population thereof, according to the survey and census so taken. The petition must also be verified and be presented at the time indicated in the notice thereof, or as soon thereafter as the board can consider it. The 5th section of the act is as follows: "Sec. 5. The board of county commissioners, in hearing such application, shall first require proof, either by affidavit or by oral examination of witnesses before them, that the said survey, map and census were subject to examination in the manner and for the period required by section three of this act; and if said board be satisfied that the requirements of this act have been fully complied with, they shall then make an order, declaring that such territory shall, with the assent of the qualified voters thereof, as hereinafter provided, be an incorporated town, by the name specified in the application aforesaid, which name shall differ from that of every other town in this State; and they shall also include in such order a notice for a meeting of the qualified voters resident in said territory, at a convenient place therein, to be by them named, on some day within one month therefrom, to determine whether such territory shall be an incorporated town."

By the sections following to and including the ninth, provision is made for holding such election, and for the canvass and return of the result "to such board of commissioners, at their next session, who, if satisfied of the legality of such election, shall make an order declaring that said town has been incorporated by the name adopted, which order shall be conclusive of such incorporation, in all suits by or against such corporation; and the existence of said corporation, by the name and style aforesaid, shall thereafter be judicially taken notice of in all courts and places in this State, without specially pleading or alleging the same."

Counsel for the appellee insist that the territory of the proposed town had been, years before, incorporated . into the city of Logansport by an order of said board of commissioners, and that the board had a right to take judicial knowledge of that order, and of the fact that the territory lay within the limits of the city. We do not agree with counsel. The courts must take judicial notice of the existence and names of cities and towns, and, in some general sense, of their locations, but not of their exact limits or boundaries. *The Indianapolis, etc., R. R. Co.* v. *Stephens,* 28 Ind. 429; *Stultz* v. *The State, ex rel.,* 65 Ind. 492.

Whether a given location or described territory is within the limits of any town or city in the State, is a matter of averment and proof. The fact, if it were so, that this board of commissioners had itself made an order for the incorporation of this territory into said city, does not affect the question as presented. Each procedure, suit or action in any court is a separate affair, and the fact of there having been any previous procedure, which is claimed to affect the pending subject, can be known only by averment and proof, not by judicial knowledge. This, however, has but a remote bearing upon the question of the right of appeal, because that right may as well exist, whether the board reached its conclusion upon the hearing of proof, or upon the exer-

cise. of assumed judicial' knowledge.    In either case, the hearing in the circuit court, if an appeal may be had, must be *de novo*, and without any inquiry into the conduct of the trial before the commissioners.

The counsel for the appellee claim further:

1st.  That the right of appeal is purely statutory; that the incorporation of towns is a special proceeding, under a statute which does not provide for an appeal; and that, under the doctrine of *Allen* v. *Hostetter*, 16 Ind. 15, no appeal is permissible.

2d.  That, by section 10, article 6, of the constitution, "The General Assembly may confer upon the boards doing county business in the several counties, powers of a local administrative character;" and that the power to incorporate towns is such a power, to be exercised by the board in its legislative discretion, and that, from the exercise of such a power, there can be no appeal.

3d.  That there can be no appeal, because the circuit court can not "make a final determination of the proceeding thus appealed, and cause the same to be executed;" that the circuit court can not give the notice, receive the returns nor declare the result of the election; that it is not a question before the court, or with which it has anything to do; it is a legislative act; and the court having no power to move in the premises, can not compel the board to do it.

Upon the first of these propositions there has been an almost constant inconsistency or direct antagonism of decisions by this court.    *Allen* v. *Hostetter, supra,* was overruled by *Hanna* v. *The Board, etc.,* 29 Ind. 170, but has been since expressly or tacitly followed or reaffirmed in *The Trustees, etc.,* v. *Manck,* 35 Ind. 51; *Church* v. *The Town of Knightstown,* 35 Ind. 177; *The City of Indianapolis* v. *Sturm,* 39 Ind. 159; *Bosley* v. *Ackelmire,* 39 Ind. 536; *The Board, etc.,* v. *Smith,* 40 Ind. 61; *Turner* v. *Rehm,* 43 Ind. 208; *The City*

*of Peru* v. *Bearss,* 55 Ind. 576 ; *Windman* v. *The City of Vincennes,* 58 Ind. 480.

On the other hand, the decision in *Hanna* v. *The Board, etc., supra,* has been expressly approved, or followed in principle, in *Wright* v. *Harris,* 29 Ind. 438 ; *Jones* v. *Theiss,* 30 Ind. 311 ; *Swindler* v. *The Monrovia, etc., G. R. Co.,* 33 Ind. 160 ; *Alexander* v. *The McCordsville, etc., G. R. Co.,* 44 Ind. 436 ; *The State, ex rel.,* v. *The Board, etc.,* 45 Ind. 501 ; *Meier* v. *The State,* 57 Ind. 386 ; *McKeever* v. *Ball,* 71 Ind. 398 ; *Houk* v. *Barthold,* 73 Ind. 21 ; *Muncey* v. *Joest,* 74 Ind. 409 ; and *Goddard* v. *Stockman,* 74 Ind. 400.

This conflict in the earlier cases cited was considered and commented on at some length in the recent case of *The Baltimore, etc., R. R. Co.* v. *The Board, etc.,* 73 Ind. 213, and distinctly disavowing the doctrine of *Allen* v. *Hostetter, supra,* it was declared that the rule enunciated in *Hanna* v. *The Board, etc., supra,* "must be so far modified as that it will provide for appeals from all decisions of the boards of county commissioners, *except* in cases or proceedings where an appeal is expressly denied, or where such an appeal is impliedly denied by force of a provision, that the order or decision of the county board shall be final or conclusive, in the statute under which the particular case or proceeding may be authorized and had." And, applying the rule so declared, it was decided in that case, that there was no appeal from the order of the board of commissioners, whereby the town of Walkerton was declared incorporated, the specific ground of the ruling being that the right of appeal was impliedly denied by force of the provision already quoted, to the effect that the order declaring that a town has been incorporated shall be conclusive.

A further consideration of the subject has brought us to the conclusion, that the statement of the rule made in the last named case is inaccurate in so far as it denies an appeal from an order or judgment in a proceeding wherein the

determination of the board is, by the law, declared conclusive merely.

The 31st section of the act for the organization of county boards, 1 R. S. 1876, p. 357, gives an appeal "From all decisions of such commissioners." The general law, in which this provision is found, and which defines the powers and duties of county boards, and such special enactments as have been or may be passed in reference to special proceedings before these boards, should be construed as being *in pari materia;* that is to say, as if all contained in one act. It is only upon this principle, that an appeal can be allowed in any such special proceeding, where the act authorizing it does not expressly give the right of appeal. If the 31st section of the general law, and the provisions of the act for the incorporation of towns, were found in a single statute, there would hardly arise a suggestion of any inconsistency between the right of appeal given in the one section from all decisions, and the conclusive character of the final order or judgment of the board in a particular proceeding, as declared in another section. The latter provision would not be deemed to affect the right of appeal, but would be construed to mean, that, unless appealed from and vacated, the order should be held to be conclusive against indirect or collateral attack; and such, we think, is the proper construction of the provision, though found in a separate special act.

The cases of *Windman* v. *The City of Vincennes, supra,* and *The City of Peru* v. *Bearss, supra,* were not cases upon appeal from the commissioners' court, and, the right of appeal not being involved either directly or indirectly, whatever is said on the subject is not authoritative. They were cases wherein it was sought to enjoin the municipal location of certain lands on the ground that the orders of the county boards declaring the annexation of the territory to the cities of Vincennes and Peru, respectively, were null and void.

Each case involved a collateral attack upon the procedure and order for the annexation, and the judgment of the court, in each case, was based, and can be sustained only, upon the ground that the procedure of annexation was a nullity, by reason of the want of jurisdiction to make the order. In proceedings to incorporate towns, or to annex territory to towns or cities, just as in any other procedure, within their powers, if the board gets jurisdiction of the subject-matter and of the parties, and does not exceed its powers, its final order will be invulnerable against collateral attack, on account of errors or irregularities. This is well settled by numerous cases which are cited in *Stoddard* v. *Johnson*, 75 Ind. 20. The only cases, except *The Baltimore, etc., R. R. Co.* , v. *The Board, etc., supra,* which may be said to involve a decision that the provisions under consideration contain an implied denial of the right of an appeal, are, *The Trustees, etc.,* v. *Manck, supra, Church* v. *The Town of Knightstown, supra,* and *The City of Indianapolis* v. *Sturm, supra.* But these cases, while citing the statutory declarations, that the order "shall be conclusive evidence of such annexation," or the like, are yet mainly rested on the doctrine of *French* v. *Lighty,* 9 Ind. 475, and *Allen* v. *Hostetter, supra.* The subsequent cases of *Bosley* v. *Ackelmire, supra, The Board, etc.,* v. *Smith, supra,* and *Turner* v. *Rehm, supra,* are placed distinctly on the ground that there is no right of appeal in "a special proceeding, for a special purpose, based upon a special statute, which gives no right of appeal." But cases, which are conceded to be radically wrong upon the point most considered, are entitled to but little weight upon an incidental point which received little consideration, and that little, under the false light of the error entertained in relation to the principal question. *Stilz* v. *The City of Indianapolis,* 55 Ind. 515, and *The Town of Cicero* v. *Sanders,* 62 Ind. 208, afford little aid to the discussion.

But, if we entertained a different view of the general rule

to be applied when construing such provisions, it is clear that the particular provision contained in the statute now under consideration should not be regarded as an implied denial of the right of appeal. The language of the law is, that the "order shall be conclusive in all suits by or against such incorporation." An appeal from the order establish-lishing, or refusing to establish, the incorporation, is not a suit by or against it. The reference is to subsequent suits to which it may be a party. We therefore hold, that, under section 31 of the general law, there is a right of appeal from any decision of a judicial character, made by a county board in any proceeding, unless the right is denied expressly or by necessary implication, and such implication does not arise from the fact that the judgment is declared to be conclusive. It can hardly be necessary to add that nothing is herein said or decided which can be construed to imply a right of appeal from the decisions of the boards upon matters of discretion.

The second proposition of the appellant is disposed of by *Taylor* v. *The City of Fort Wayne*, 47 Ind. 274. The board has no discretion to grant or refuse the application, if the proper preliminary steps have been taken by the petitioners. The decision of the board, in such a case, is judicial, and not merely administrative or legislative.

In answer to the third proposition, it is enough to say that the circuit court, under its general powers, and under the 37th section of the act of June 17th, 1852, before referred to, has ample power to dispose of the case on appeal. That section reads as follows:

"Sec. 37. Such court may make a final determination of the proceeding thus appealed, and cause the same to be executed, or may send the same down to such board, with an order how to proceed, and may require such board to comply with the final determination made by such court in the premises."

The judgment is reversed, with costs, and the cause remanded with instructions to overrule the motion to dismiss the appeal, and to proceed in accordance with this opinion.